UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PROVIDED TO
SANTA ROSA C.I. ON

JAN 16 2023

FOR MAILING BY
_C. h. R._

CLIFFORD LEON REID,
        Petitioner, MOVANT

V.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS et al.,

        RESPONDENTS.

3:23-cv-69-MMH-PDB
(CASE NUMBER TO BE ASSIGNED)

FILED
2023 JAN 19 PM 3:09
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

RULE 60(b) MOTION

THE UNITED STATE DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA IS WRONG/ABUSIVE/IMPERMISSIBLE/IMPROPER (OR TO SET ASIDE/RECONSIDER) THE JUDGMENT(S) SUA SPONTE DECISION(S) THAT HAVE BEEN ENTERED OR TAKEN UNCONFORMEDLY AGAINST THE MOVANT/PETITIONER IN HIS PRIOR PROCEEDING IN THIS FEDERAL COURT ON PROCEDURAL BAR GROUND(S)/ISSUE(S) WITHOUT RULING ON THE MERITS OF ANY CLAIMS

COME NOW THE MOVANT CLIFFORD LEON REID A pro. se., state PRISONER PURSUANT TO A Fed. R. CIV. P. 60(b)(1)(6) TO IN/CHALLENGE THIS HONORABLE COURT'S PRIOR IMPROPER 1999 DECISION TO/OF (FIRST EVER CHALLENGES TO SAID PRIOR JUDGEMENT(S) IN THIS CASE) JUDGMENT TO/OF DISMISSAL(S) INTEGRITY/LEGITIMACY CORRECTNESS AND/OR. IPREMISSIBLENESS OF THIS COURT'S EARLIER DECISION AND JUDGMENT TO DISMISS REID'S EARLIER SECTION 2254 PETITION, AND CLAIMS WHICH LIED TO THIS COURT'S PRESENT DISMISSAL OF REID'S PRESENT SECTION 2254 PETITION, AND CLAIMS FOR THE FIRST TIME (3) TO ASSERT (AND/OR MEET), FOR THE FIRST TIME EXEMPTION(S), CLAIMS, ISSUES, IGNORANCE DEMONSTRATING REID'S ING OR REMOVING OR NOT TRIGGERING ANY DELAY, AND EXCESS-(B) AND MEET THE DEMANDING STANDARD ("REASONS") WHICH NOT ONLY GRITY AND LEGITIMACY OF THIS COURT PRIOR AND PRESENT FEDERAL GOES TO AND CALLS INTO QUESTION THE VERY FAIRNESS, ACCURACY, INTE-HABEAS PROCEEDINGS, DECISIONS AND JUDGMENTS AND ARE ALSO REASONS JUSTIFYING RELIEF FROM THE OPERATION OF THIS COURT'S PRESENT HABEAS JUDGMENT WHICH THIS COURT ALSO PREVENTED REID FROM ASSERTING, AND STATES: MOVANT HUMBLY REQUEST THIS HONORABLE DISTRICT COURT TO RELIEVE HIM OF THIS COURT'S IMPROPER ORDER/JUDGMENT OF DISMISSAL ENTERED 1999

# GROUND AND ARGUEMENTS

## GROUND ONE

(1) REID ALLEGES AND ARGUES THAT AFTER HE FILED HIS VERY FIRST FEDERAL HABEAS PETITION IN 1998 (ONE YEAR AFTER SAID STATUTE OF LIMITATION HAD RUN IN REID'S CASE) FROM 1998—1999 THE RESPONDENT, IN SAID 1998-1999 HABEAS PROCEEDING OF MORE THAN 60 DAYS,,, "WAIVED SAID STATUTE OF LIMITATION

## GROUND TWO

(2) THIS HONORABLE FEDERAL DISTRICT COURT VIOLATED ITS DUTY TO BE FAIR, INFORMED, ACCURATE AND IMPARTIAL BY ASSERTING, BY RAISING, BY DECODING "A WAIVED" DEFENSE ON BEHALF OF THE RESPONDENT AT THE TIME OF THE 1998-1999 # FEDERAL HABEAS CORPUS PROCEEDINGS HAD IN THIS CAUSE

## GROUND THREE

(3) THIS SAID HONORABLE COURT VIOLATED ITS DUTY TO TREAT REID'S SAID 1998 PETITION AS A VERY FIRST 28.U.S.C.S 2254 APPLICATION

## GROUND FOUR

(4) REID'S 1998 FEDERAL PETITION IS ENTITLED TO THE BENIFIT OF EQUOTABLE TOLLING OF SAID AEDPA'S STATUTE OF LIMITATIONS

## ~~GROUND FIVE~~

(5) APPLYING AEDPA'S STATUTE OF LIMITATIONS TO REID'S SAID 1998 FEDERAL HABEAS PETITION AND TO HIS SAID 2022 FEDERAL PETITION (FIRST AS A FIRST TIME HABEAS PETITIONER, AND NEXT/THEN AS A PRISONER RETURNING TO THE FEDERAL COURT AFTER EXHAUSTING ALL OF THE CLAIM RAISED IN HIS SUBSEQUENT FEDERAL PETITION IN THE HABEAS CORPUS PROCEEDING HAD IN THIS MATTER FROM MARCH OF 2022 THROUGH JULY OF 2022 UNCONSTITUTIONALLY SUSPENDS, THE WRIT OF HABEAS CORPUS BOTH TIMES

## GROUND FIVE

THIS FEDERAL DISTRICT COURT JUDGMENT/ACTION DENYING MOVANT (THE PETITIONER) PERMISSION OR DENYING PERMISSION FOR REID TO BRING A NEW CLAIM THAT DID NOT EXIST WHEN REID FILED HIS SAID 1998 FIRST PETITION (BECAUSE AT THE TIME REID FILED HIS SAID FIRST PETITION HE WAS NOT REQUIRED TO PLEAD COMPLIANCE WITH AEDPA's STATUTE OF LIMITATION IN HIS FIRST PETITION (AND CLAIMS THAT WERE RAISED IN REID'S SAID 1998 FIRST (EARLIER) FEDERAL HABEAS PETITION BUT WHICH TOO WERE IMPROPERLY DISMISSED) PRESENTED (REID'S PLEADING COMPLIANCE WITH OR EXCUSSED FROM COMPLI- ANCE WITH ANY PROCEDURAL BAR ISSUE/GROUND TIMELINESS OF REID'S 2022 SUBSEQUENT PETITION "AS A FIRST HABEAS CORPUS PETITION IMPLICATES OR MIGHT IMPLICATE OR IS A VIOLATION OF/VIOLATES THE SUSPENSION CLAUSE, WHICH PROVIDES THAT " THE PRIVILEGE OF THE WRIT OF HABEAS CORPUS SHALL NOT BE SUSPENDED, UNLESS WHEN IN CASE OF REBELLION OR INVAS- SION THE PUBLIC SAFETY MAY REQUIRE IT " U.S. CONST. ART. I C 9, CL 2 BECAUSE THIS COURT'S IMPROPER sua sponte ACTIONS AND ITS IMPERMISSIBLE APPLICATION OF OR APPLYING THE AEDPA's LIMIT- ATION (THE TERMS " SECOND OR SUCCESSIVE") TO REID SAID 2022 SUBSEQUENT PETITION i.e. SINCE SAID SUBSEQUENT PETITION IS NOT A " SECOND OR SUCCESSIVE PETITION " IN SAID MARCH OF 2022 THROUGH APRIL OF 2022 HABEAS PROCEEDING," CREATED AN UNREASONABLE BURDEN TO FEDERAL DISTRICT COURT HABEAS RELIEF IN THE MATTER OR CAUSE AT HAND.

## GROUND SIX

DENIAL OF HABEAS CORPUS RELIEF IN THE PRESENT CASE/MATTER/CA- USE IMPLICATES THE SUSPENSION CLAUSE, BECAUSE IT WOULD CONSTITUTE A COMPLETE DENIAL OF ANY COLLATERAL REVIEW OF OR A WHOLESALE/A WHOLE RACIST REFUSAL TO HEAR A CLAIM THAT ONLY AROSE AFTER REID FILED HIS SAID FIRST FEDERAL PETITION AS WELL AS A WHOLE RACIST REFUSAL TO HEAR CLAIMS WHICH WERE PREVIOUSLY IMPROPERLY DISMISSED AS UNTIMELY

## GROUND SEVEN

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA'S MISTAKEN 1999 JUDGMENT OF DISMISSAL OF REID'S SAID FIRST PETITION PREVENTED REID IN A SUFFICIENTLY EXTRAORDINARY WAY FROM ASSERTING HIS FEDERAL RIGHTS UNDER THE 28 U.S.C.S. 2254 HABEAS STATUTE THUS IT IS PROPER TO TOLL THE STATUTE OF LIMITATION FOR THE PERIOD FROM THE SAID 1999 DISMISSAL OF REID'S FIRST PETITION UNTIL THE FILING OF REID'S SAID CURRENT 2022 FEDERAL PETITION

REID ARGUES THAT UNDER LONEHAR V THOMAS, 517 U.S. 314, 324 (1995) THIS HONORABLE FEDERAL DISTRICT COURT AS SAID 1999 JUDGMENT WAS WRONG/ERRONEOUS FOR DISMISSAL OF A FIRST PETITION OF A FIRST TIME FILING PETITIONER'S FEDERAL HABEAS PETITIONER IS A PARTICULARLY SERIOUS MATTER FOR THAT DISMISSAL DENIES THE PETITIONER THE PROTECTION OF THE GREAT WRIT ENTIRELY, RISKING EGREGIOUS INJURY TO AN IMPORTANT INTEREST IN HUMAN LIBERTY AND TO FORE-CLOSE FURTHER HABEAS REVIEW IN THE CURRENT AND OTHER SUCH CASES WOULD NOT CURB ABUSES OF THE WRIT, BUT RATHER WOULD BAR HABEAS REVIEW AND RELIEF ALTOGET-HER IMPERMISSIBLY DESPITE A STRONG SHOWING OF FACTUAL INNOCENCE, OR A STRONG FACTUAL SHOWING THAT THERE NEVER WAS ANY FACTUAL COMMITANCE OF ANY SE FACTUAL SEX CRIME AGAINST SAID TINY VICTIM BEFORE NOR ON AUGUST 1st, 1987

### GROUND EIGHT

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA'S MISTAKEN 1999 JUDGMENT OF DISMISSAL OF REID'S FIRST FEDERAL HABEAS CORPUS PETITION PREVENTED REID IN A SUF-

~~III.~~

FICIENTLY EXTRAORDINARY WAY FROM ASSERTING HIS
FEDERAL CLAIM WHICH STRONGLY SHOWS THE DISAVOWED,
FALSE, FABRICATED, UNCORROBORATED, UNRELIABLE INCONSIS-
TENT AND RECANTED AT THE CRIMINAL TRIAL INCULPATORY
STATEMENTS SOLELY MADE-UP STATE COURT RECORD EVID-
ENCE MADE-UP BY THE STATE PROSECUTOR, THE POLICE, A
CHILD RAPIST AND SEVERAL OTHER ADULT WHO WILLFUL-
LY AND KNOWING FACILITATE SAID CHILD RAPIST IN
HIS RAPE OF THE ALLEGED VICTIM ALL SEVERAL OTHER
CHILDREN ACCORDING TO THE ALLEGED VICTIM IS LEGALLY
INSUFFICIENT AND FACTUALLY INSUFFICENT TO PROVIDE
A FACTUAL BASIS OF SUPPORT TO VALIDATE OR SUPPORT
THE STATE PROSECUTOR'S CHARGE THAT A PENILE SEX-
UAL BATTERY WAS ACTUAL FACTUAL COMMITTED AGAINST
THE ALLEGE VICTIM AT ANY TIME IN HER LIFE NOR TO
ESTABLISH THE IDENTITY OF THE ABUSER BEYOND A
REASONABLE DOUBT THUS IS LEGALLY INSUFFICIET
TO SUSTAIN A CONVICTION FOR A SEXUAL BATTERY
OF A MINOR CLAIM PRESENT IN REID'S FIRST PET-
ITION

## GROUND NINE

THE PETITIONER'S WHOSE SUBSEQUENT FEDERAL HABEAS CORPUS
PETITION RAISED A NEW ISSUE NOT COGNIZABLE AT THE TIME
OF HIS FIRST PETITION, WAS NOT A SECOND OR SUCCESSIVE
PETITION THAT REQUIRED APPELLATE COURT CONSENT TO BE
FILED

## GROUND TEN

THIS DISTRICT COURT'S MISTAKEN FAILURE TO REACH/CONSIDER/ADJUDICATE
THE MERITS OF ANY OF THE CLAIMS PRESENTED IN REID'S FIRST FEDERAL HABEAS
PETITION AND ITS MISTAKEN DISMISSAL - DURING THE FIRST 1998-1999 HABEAS
PROCEEDINGS HAD IN THE CAUSE AT HAND - OF REID'S FIRST PETITION PREVENTED

IV

REED IN A SUFFICIENT EGREGIOUSLY AND INJURIOUSLY EXTRAORDINARY IMPERMISSIBLE WAY FROM ASSERTING/BEING HEARD IN SAID 1998-1999 HABEAS CORPUS PROCEEDING ON HIS FEDERAL CLAIM THAT THE DISAVOWED, CONTRADICTED, UNCORROBORATED, FALSE, UNRELIABLE, RECANTTED MONTHS BEFORE AND AT REED'S STATE CRIMINAL TRIAL, UNTRUSTWORTHY, INCONSISTANT INCULPATORY STATEMENT ATTRIBUTED TO MINOR BY THE ADULTS (WITH INCLUDES THE POLICE, THE ASSISTANT STATE ATTOR-NEYS, THE STATE PROSECUTORS AND REED'S STATE COURT APPOINTTED DEFENSE COUNSELS) WHO MADE-UP SAID STATEMENTS ADDUCED AT REED'S CASE STATE CRIMINAL TRIAL BY THE STATE PROSECUTORS AS THEIR ONLY EVIDENCE AGAINST REED,,, IS AS A MATTER OF CLEARLY ESTABLISHED FEDERAL LAW LEGALLY INSUFFICIENT TO SUPPORT OR SUSTAIN A CONVICTION ONE OF REED'S VERY FIRST CLAIMS UNDER THE FEDERAL HABEAS CORPUS STATUTE

## GROUND    ELEVEN

THE 28 U.S.C.S. 2254 HABEAS CORPUS STATUTE TRUMPS THE AEDPA RULE

## GROUND    TWELVE

THIS DISTRICT COURT DURING SAID 1998-1999 HABEAS PROCEEDING MISTAKENLY OR SINISTERLY REFUSED TO ALLOW HIS OR HERSELF TO LEARN NOR TO SEEK TO BE INFORMED (IN MAKING ITS ERRONEOUS OR IMPROPER 1999 DECISION/JUDGMENT) OF FACTORS (RACE AND EXTRAORDINARY CIRCUMSTANCES, FACT, FEDERAL LAWS OR EXCEPTION-AL CIRCUMSTANCE, HUMAN LIBERTY INTEREST) FROM REED NOR FROM THE RESPONDENT WHICH ARE CRUCIALLY REIEVENT TO BALANCING THE FEDERAL INTERESTS IN COMITY AND JUDICIAL ECONOMY AGAINST THE PETITIONER'S SUBSTANTIAL INTEREST IN JUSTICE THAT DID NOT APPEAR FROM THE FACE OF REED'S 1998 HABEAS PETITION

## GROUND    THIRTEEN

RE-OPEN, RECALL, VACATING, RECONSIDERATION OF, RELIEVE FROM THIS FEDERAL DISTRICT COURT'S IMPERMESSIBLY UNINFORMED/ERRONEOUS/IMPROPER/EGREGOOLOUS AND INJURIOUSLY MISTAKEN OR

# THIRTEEN

THIS FEDERAL DISTRICT COURT VIOLATED ITS DUTY TO NOT USE OR COMMIT FRAUD AND TO NOT VIOLATED THE SUSPENSION CLAUSE BY ACTIONS OF FRAUD, BY VIOLATING THE SUSPENSION CLAUSE THROUGH IMPREMISSIBLY DISREGARDED REED WAS A FIRST TIME HABEAS PETITIONER SINISTERLY OR INDVERTENTLY, FALSELY AND IMPREMISSABLY TAKING REED'S RIGHTS, AMBUSHING REED'S FEDERAL RIGHTS, CLAIMS, INTERESTS, MERITS RAISED IN HIS FIRST FEDERAL HABEAS PETITION TO CURE THE RESPONDENT'S WAIVER OF A AFFIRMATIVE DEFENSE WITH AGGRESSION BY DESERTING ITS CLEARLY ESTABLISHED PREMISSIBLE CONSTITUTIONAL ALLIANCE TO DILLIGENTLY, FAIRLY, IMPARTIALLY HEAR, CONSIDER, DISCOVER, ASCERTAIN, JUDGE, DETERMINE, GIVE PROPER NOTICE, TAKE NOTICE OF THE TOTALITY OF THE FACTS, FEDERAL LAW, CIRCUM- STANCES, RIGHTS, CLAIMS, MERITS, INTERESTS RAISED, STRONGLY SHOWN, ALLEGED IN THE VERY FIRST 2254 HABEAS PETITION AND SUPPORTED FACTUALLY BY THE ATTACHED EXHIBITS AND BY THE FEDER- AL RULE INDICATED OR CITED IN SAID PETITION, AND CLAIMS LAW, AFFIRMATIVE DEFENSE INITIATED OR PLEAD BY THE RESPON- DENT, , AND BY DESERTING TO TAKE CLEARLY ESTABLISH PREMISSIBLE CONSTITUTIONAL, LEGITIMATE HABEAS CORPUS (1) ACTIONS (2) PROCEED- ING, (3) DECISION (4) JUDGMENTS (5) HOLDING PARTICULARLY INTEREST THIS COURT HAS IN COMMON WITH THE PETITIONER AND THE RESPONDENT SUCH A TRUTH, JUSTICE, ACCURACY, RELIABIL- ITY AND HUMAN LIBERTY AT THE TIME OF THE 1998 — 1999 FEDERAL HABEAS PROCEEDING HAD IN THIS CAUSE

## VI

(7) THE MOVANTS (HEREAFTER WILL BE REFERRED TO AS REID OR MOVANT) i.e. REID'S [7?] INSTANT RULE 60(b) MOTION SHOULD APPLY FREE OF AEDP'S LIMITATIONS BECAUSE IN IT/BY IT REID (A PETITIONER) AIMS SOLELY TO AND SOLELY ATTACKS THE INTEGRITY OF THIS HONORABLE DISTRICT COURT'S 1999 HABEAS JUDGMENT AS WELL AS THE DISTRICT COURT'S SAID 2022 HABEAS JUDGMENT (DENYING/DENIAL OF HABEAS RELIEF (see DOCUMENTS # 5 AND # 6 [CIVIL DOC-KET FOR CASE # : 3:22-cv-00359-MMH-mcR]) REID'S SAID RULE 60(b) IS A TRUE RULE 60(b) MOTION BECAUSE

1. IT ATTACKS THIS DISTRICT COURT'S SAID 1999 (THE PRIOR/EARLIER FEDERAL COURT) HABEAS ORDER WHICH IS INJURIOUSLY, EGREGIOUSLY IMPROPERLY AND ERRONEOUSLY PROCURED IN THE CAUSE AT HAND (IN SAID IMPROPER FEDERAL COURT PROCEEDING-HABEAS PROCEEDINGS) DENYING REI HABEAS RELIEF TO REID FROM THE STATE COURT JUDGMENT OF CONVICTION AND/OR SEN-TENCE, INSTEAD OF ATTACKING THE UNDERLYING CONVIC-TION AND SENTENCE JUDGMENT ITSELF

2. IT ATTAKS THIS DISTRICT COURT'S SAID APRIL 1st, 2022 (SUBSEQUENTLY FILED/PRESENTLY FILED) HABEAS ORDER/JUDGMENT WHICH IS/WAS INJURIOUSLY, EGREGIOUSLY, IMPROPERLY AND ERRONEOUSLY PROCURED IN THE 2022 HABEAS PROCEEDING WHICH ARE IN FACT IMPROPER AND WERE FACTUAL-LY PROFORMED AT SAID TIME IN APRIL OF 2022 BY THIS DISTRICT COURT (FACTUAL HINDERED REID IN 1999 AS WELL AS IN APRIL OF 2022 IN THE ASSERTION OF HIS CONST-ITUTIONAL RIGHT TO (A) ASSERT HIS CONSTITUTION

2

RIGHTS TO (1) SAID NOTICE (2) SAID OPPORTUNITY TO
BE HEARD (3) SAID RIGHT TO RESPOND WITH HIS SAID
INPUT AS TO HIS SAID 1998 FILE AND 2022 FILED
FED FEDERAL HABEAS PETITION AS TO THE MATTERS OF
SAID PROCEDURAL BAR GROUND(S), RESPECTIVELY, AND
TO HIS OTHER CONSTITUTIONAL (FEDERAL CONSTITUT-
IONAL RIGHTS AS WELL) TO (4) OBTAIN A GRANT OF
THE ISSUANCE OF THE WRIT. (5) A TOLLING OF SAID
ONE YEAR STATUTE OF LIMITATION (BUT FOR THIS
FEDERAL <u>DISTRICT COURT'S EVIL/MISTAKEN/ERRONE-
OUS/WRONG DECISION TO ABUSE ITS DISCRETION
BY RAISING THE ISSUES OF PROCEDURAL BAR SUA SPONTE</u>)
(6) TO OBTAIN A SUBSTANTIALLY SUPPORTED HABEAS RELIEF
JUDGMENT BASED ON REID'S FULLY EXHAUSTED INSUFFICIENT
EVIDENCE AS A MATTER OF FEDERAL LAW TO SUSTAIN
A CONVICTION, AND INEFFECTIVE ASSISTANCE OF
COUNSEL CLAIMS OF REID 1998 FEDERAL HABEAS PET-
ITION FAVORABLE DECISION OF THIS HONORABLE DIS-
TRICT COURT AS REQUIRED BY JUSTICE/AS JUSTICE
REQUIRES (BUT FOR THIS DISTRICT COURTS INTENTION-
AL SUA SPONTE AMBUSH/DISHONESTY/TRICKERY/<u>FRAUD</u>
~~ON~~ IN 1999 DECISION OR BY IT RENDERING ITS SAID
1999 JUDGMENT, VOID) AS A MATTER OF INTERVENING
~~IN~~ FEDERAL LAW AND/OR THE FEDERAL LAW IN EFFECT AT
THE TIME AS DETERMINED BY THE SUPREME COURT OF
THE UNITED STATES OR THE UNITED STATE CIRCUIT COURTS
OF APPEALS

(8) DURING THE 1998-1999 FEDERAL 2254 HABEAS CORPUS PROCEEDINGS HAD
IN THIS CAUSE AFTER REID FILED HIS FIRST FEDERAL 2254 HABEAS PETITION
CHALLENGING# THE STATE COURT JUDGMENT OF CONVICTION, THIS FEDERAL DISTRI-
CT COURT DISMISSED SAID PETITION SUA SPONTE, WITHOUT GIVING REID NOTICE AND WITH-
RULING ON THE MERITS OF ANY OF THE FEDERAL CLAIM PRESENTED IN SAID PETITION

3

(9) EXCEPTIONAL CIRCUMSTANCES OR EXTRAORDINARY CIRCUMSTANCES BEYOND REID'S CONTROLL, SUBSTANTIALLY PREVENTED REID FROM: (1) TIMELY FILING HIS said FIRST FEDERAL PETITION

(8) DECEIVED REID   (3) ASSERTING HIS FEDERAL RIGHTS TO CHALLENGE HIS STATE COURT CONVICTION (STATE COURT JUDGMENT OF CONVICTION)   (4) RECEIVING, FOR THE FIRST TIME IN THE FEDERAL COURT COLLATERAL REVIEW OF HIS STATE COURT CONVICTION, FACTS, MERITS, CLAIMS AND REQUEST FOR FEDERAL HABEAS CORPUS RELIEF UNDER THE 28 U.S.C. S 2254 HABEAS STATUTE (SEE PAGES 5 THROUGH PAGE 38 OF THIS MOTION) ALSO PAGES 55 THROUGH 103      OF THIS MOTION) THROUGH NO FAULT OF REID AND DESPITE REID'S DUE DILIGENCE

(10) ONCE REID BELIEVED HE HAD EXHAUSTED ALL OF HIS CLAIMS OR HAD PRESENTED ALL OF HIS FEDERAL CLAIMS IN THE STATE COURT OR TO THE STATE COURTS FIRST,,, HE FILED A NEW 28 U.S.C.S. PETITION ON MARCH OF 2022 CHALLENGING THE SAME JUDGMENT AND CONVICTION BASED ON FEDERAL CLAIMS WHICH HAD BEEN ERRONEOUSLY OR IMPROPERLY DISMISSED i.e., THIS COURT DID NOT CONSIDER AND DID NOT RULE ON THE MERITS OF SAID CLAIMS NOR SAID CLAIM WHEN REID FIRST PRESENTED SUCH TO THIS COURT IN 1998 - 1999 AND A FEDERAL CLAIM AS TO THE TIMELINESS OF REID'S SAID FIRST FEDERAL PETITION HENCE THE TIMELY NESS OF REID RETURN TO THIS FEDERAL DISTRICT COURT ON SAID NEW 2254 HABEAS PETITION,,, WITH PREJUDICE AND WITHOUT REACHING/RULING ON ANY OF THE MERITS OF ANY OF THE CLAIM OF REID SAID FIRST PETITION NOR THOSE OF REID "NEW PETITION". REID'S SAID "NEW FEDERAL HABEAS PETITION IS PERMISSABLE OR AUTHORIZED UNDER OGLE V. JOHNSON, 488 F. 3d 1364, 1370 (11th Cir. 2007) MUHAMMAD V. SECY, DEPT OF CORR 554 F. 3d 949, 957 (11th Cir. 2009) BALDWIN V. REESE, 541 U.S. 27, 29 (2004) COLEMAN V. THOMPSON, 501 U.S. 722    FAY V. NOIA 372 U.S. 391 (1963)

4

1.) REED ARGUES THAT HIS SAID 1998 STATE TRIAL EVIDENCE CLAIM, WHICH IN EFFECT, REED WAS MAKING A MISCARRIAGE OF JUSTICE THAT SWALLOWED UP THE AEDPA's ONE YEAR STATUTE OF LIMITATION REQUIREMENT WHICH HAD EXPIRED IN REED's CASE ONE YEAR BEFORE REED FILED HIS SAID FIRST 2254 PETITION PRESENTING SAID CLAIM IN IT. TO BE FULLY ASSERTED AND LITIGATED IN A FULL AND FAIR HABEAS HEARING(S) AND PROCEEDING WHICH THIS COURT REFUSED TO HHOLD DURING SIX MONTH OF HABEAS CORPUS PROCEEDINGS HAD AFTER REED FILED HIS SAID 1998 PETITION        (2.) SUA SPONTE DISMISSING REED's SAID 1998 PETITION WITH PREJU-DICE #3. WITHOUT ADJUDICATING ANY CLAIM PRESENTED IN REED's SAID 1998 PETITION   4. THIS HONORABLE FEDERAL DISTRICT COURT IN 1999, AFTER REED HAD FILED HIS SAID 1998 PETITION (WITH ATTACHED EXHIBITS SUPPORTING HIS CLAIMS SUBSTANTIAL PREVENTED REED (THROUGH NO FAULT OF REED's SEE PAGES 11 THROUGH 14, 16 THROUGH 25   OF THIS MOTION) FROM ASSERTING HIS ACTUAL FACT-UAL INNOCENCE GATEWAY REQUEST FOR EXCEPTION TO THE SAID AEDPA's ONE YEAR STATUTE OF LIMITATION RAISED AND DECIDED SUA SPONTE BY THIS COURT AT THE TIME OF SAID 1998-1999 HABEAS PROCEEDINGS HAD IN THIS CAUSE (REED URGES THIS COURT TO TAKE JUDICIAL NOTES OF ITS OWN RECORD OF THE MATTERS PRESENTED IN THIS MOTION) CLAIM

2.) REED ARGUES THAT IT WOULD HAVE BEEN PREMATURE OF HIM , DESPITE THE FACT THAT THAT THROUGH FACT THAT HIS FELLOW INMATES CONSTANTLY MALICIOUS, DELIBERATE AND/OR INTENTIONAL DIS-INFORMING HIM, NOT INFORMING HIM OF, MISLEADING HIM FROM MISLEADING OF REED AWAY FROM THE SIGNIFICANCE OF, THE EXISTENCE THE DISCOVERY OF FEDERAL LAW, FACTS, REQUIREMENTS, CLAIMS THAT SHOULD BE RAISED AT THE STATE LEVEL FIRST OR COULD BE RAISED AT THE FEDERAL COURT LEVEL WITHOUT BE EXHAUSTED AT THE STATE LEVEL AND WHHY THAT HAD MADE IT IMPOSSIBLE FOR REED 1. TO BE AWARE OF SUCH (PART-ICULARLY REED FEDERAL ACTUAL ACTUAL INNOCENCE RIGHTS AND CLAIM AND THE CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES UNDER  SCHLUP V. DELO, 513 U.S. 298 (1995) F McQUIGGIN V. PERKINS, 569 U.S. 383, 386 (2013); CURRINGTON V. REWERTS,

2012 U.S.Dist.Lexis 11928 (6th Civ. 2013); Holland v. Florida, 560 U.S. 631,649 (2010); McBride v. Shape, 25 F.3d 962,969 (11th Civ. 1994) as to the Requirements of and the existence of the actual innocent claim, Prongs, exception that excesses or disollows of the AEDPA's said statute of Limitation

2. As well as the existence of the AEDPA of 1996,,, at the Time Reid was Preparing the claims Presented in his said first 2254 Petition for Filing in this court, as well as at the Time of his state court Direct Appeal and Post conviction PRE Proceeding and motion PReParations, Respectively,,,

"It would have been Premature for Reid to have Raised said actual innocence Gateway exception in his said first 2254 Petition since Reid was Totally unaware of and had Not received any warning of the AEDPA existence Nor of its Filing Requirements before Nor after Reid Filed his said 1998 Habeas corpus Petition Hence this court erred in so Dismissing Reid said Petition Because Reid was entitled/is entitled To Relief under 28 U.S.C. 2254 since the Record said Record evidence Adduce at Reid's criminal Trial by the state Prosecutor, Base sole on such inadmissible evidence, no far Rational Trier of facts could have found Proof of Guilt Nor that any sex offense actually occurred beyond a reasonable doubt see Fiore v. White, 531 U.S. 225, 228-229 (2001); Herrera v. Collins, 5010 U.S. 390, 402 (1993); Campbell v. Greene, 440 F. supp 2d 125 (2nd Cir. 2006); Eagle v. Linahan, 279 F. 2d 926,935 (11th Civ. 1997)

"A Habeas Petitioner claiming that there is/was insufficient evidence supporting the conviction is entitled To Relief under 28 U.S.C. 2254 only if it is found "That upon the Record evidence Adduced at Trial no Rational Trier of fact could have found Guilt beyond a Reasonable doubt." see Campbell v. Greene, 440 F supp 2d 125 (2nd Cir 2006)

Reid argues that under said clearly established federal law this court's handling of Reid's said 1992 Request for Habeas Relief was Not correct.

6

(10-A) IN REID'S SAID "NEW FEDERAL HABEAS PETITION" HE AGAIN CHALLENGES THE SAME JUDGMENT AND CONVICTION WHICH HE PRESENTED FOR CHALLENGING OR CHALLENGED IN HIS SAID FIRST FEDERAL PETITION HE FILED IN THIS CAUSE IN 1998 AND WHICH WAS ERRONEOUSLY OR IM-PROPERLY DISMISSED IN 1999 BY THIS FEDERAL DISTRICT COURT.

3-A.) REID ARGUES THAT HIS STRONG SHOWING OF "ACTUAL INNOCENCE" OR PROOF OF INNOCENCE SWALLOWS RULE 60(b)'S TIME LIMITATION RULE FOR FILING THIS MOTION.

3.) REID ARGUES THAT SINCE THIS DISTRICT COURT DID NOT 1998-1999 HABEAS CORPUS PROCEEDINGS HAD IN THIS CAUSE, DID NOT RULE ON ANY OF THE MERITS OF REID'S SAID "VERY FIRST" 2254 PET-ITION" HENCE REID (THE PETITIONER) IS NOT BARRED FROM CHALLENGING THE SAME SAID SEXUAL BATTERY OF A MINOR JUDGMENT AND CONVICTION AGAIN IN REID'S RETURN TO THIS FEDERAL COURT "NEW 2254 PETITION" (WHICH REID AS A MATTER OF FEDERAL LAW OR RULE AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES OR AS DETERMINED BY THE ELEVENTH CIRCUIT COURT OF APPEALS. REID IS SO ENTITLED TO SO RETURN TO THE FEDERAL COURTS ON A "NEW 2254 PETITION AND MAKE THE SAME SAID CHALLENGES UNDER THE SAID 1998-1999 ERRONE-OUS OR IMPROPER ACTIONS/MISTAKES/FRAUD OF/FROM THIS COURT CIRCUMSTANCES) THUS:

1.) THIS FEDERAL DISTRICT COURT HAS JURISDICTION OVER REID'S SAID NEW PETITION AND SAID CHALLENGES CONTAINED IN/RAISED IN IT;

2.) REID'S SAID NEW PETITION" IS NOT "A SECOND OR SUCCESSIVE PETIT-ION;

3. REID'S SAID 2022 "NEW 2254 PETITION IS A MIXED PETITION WHICH CONTAINS ONLY EXHAUSTED CLAIMS AND A ATTACK ON THIS COURT'S SAID 1999 JUDGMENT OF DISMISSAL ON PROCEDURAL GROUND, ALONE THAT HAD NOT AROSE WHEN REID PREPARED AND FILED HIS SAID VERY FIRST 2254 FEDERAL HABEAS CORPUS PETITION

4.) THIS COURT ERRED IN NOT TREATING REID'S SAID VERY FIRST 2254 PETITION AS IF IT HAD NOT BEEN FILED

5.) THIS COURT ERRED IN NOT TREATING REID'S SAID "NEW PETITION AS ANY OTHER FIRST FEDERAL HABEAS PETITION IS TREATED, UNDER SAID CIRCUMSTANCES.

DEFECTS IN THIS DISTRICT COURTS PREVIOUS JUDGMENT DENYING RELIEF

(ii) REID, ON MARCH 23rd OF 2022 FILED A SUBSEQUENT NEW FEDERAL HABEAS PETITION UNDER 28 U.S.C. 2254, BY APRIL 1st OF 2022 THIS COURT EVILLY/MISTAKENLY/ERRONEOUSLY/AMBUSH-LY/FRAUD/DISHONESTLY/IMPROPERLY 1-) DECIDED, 2-) RAISED 3-) FOUND THAT SAID MARCH OF 2022 SUBSEQUENT PETITION (ON ITS OWN/SUA SPONTE — WITHOUT GIVING REID SAID 1-) WARNING 2-) NOTICE 3-) OPPORTUNITY TO RESPOND 4-) WITH-OUT AND/OR BEFORE THE STATE FILED A RESPONSE TO SAID 2022 PETITION 5-) WITHOUT REID'S INPUT ON SAID PROCEDURAL BAR ISSUE/CLAIM WHICH DID NOT ARISE IN THIS CASE UNTIL AFTER REID FILED HIS SAID 2022 FEDERAL HABEAS PETITION):—

1. WAS A SUCCESSIVE PETITION FILED WITHOUT AUTH-ORIZATION FROM THE ELEVENTH CIRCUIT COURT OF APPEAL

2. HENCE, THIS COURT LACK JURISDICTION TO CON-SIDER THE CLAIMS IN REID'S SAID SUBSEQUENT PETITION

3. HENCE, THIS COURT DID NOT HAVE JURISDICTION TO HEAR REID'S PETITION - - -

THIS SAID DECISION OF THIS COURT IS WRONG/EVIL/A MISTAKE/ERRONEOUS/AN INTENTIONAL AMBUSH OF REID'S FEDER-AL RIGHTS TO INITIATE/FULLY/SUBSTANTIAL INITIATE/ASSERT/DECLARE AND OR TO DEFEND HIS RIGHTS OR CLAIMS OR NOR AFFIRM NOR MAINTAIN NOR TO INSIST IN HIS SAID RIGHTS TO CARRY ON AND THRUST ONESELF FORWARD AND CONDUCT LEGAL COLLATERAL ATTACK, REVIEW, HABEAS CORPUS PROCEEDING AND PROCESS AGAINST A VOID STATE COURT JUDGMENT OF CONVICTION OR SENTENCE TO BE GIVEN OPPORTUNITY TO 1-) LEARN (2) SPEAK, (3) BE HEARD (4) AND CONSIDERED COMPLETELY ALL OVER AGAIN;

(iii) REID SAID SUBSEQUENT 2022 FEDERAL HABEAS PETITION/APPLICATION IS NOT/WASN'T SECOND) OR SUCCESSIVE UNDER INTERVENING FEDERAL LAW. THIS COURT IS REQUIRED TO (1) TREAT REID'S SAID "INITIAL 1998 2254 HABEAS PETITION AS IF IT HAD NOT BEEN FILED (2) TREAT REID'S SAID SUBSEQUENT PETITION AS HIS FIRST

PETITION BUT THIS COURT FAILED TO SO DO(A.R PROCEDUR-
AL DEFECT IN THE PRESENT (2022) JUDGMENT DENYING RELIEF FROM SAID
EARLIER DEFECTIVE 1999 JUDGMENT OF THIS COURT.

## THE FACTUAL PREDICATES:

MAJOR PROCEDURAL DEFECTS IN THE FOUNDATIONS OF THIS COURT'S SAID 1999 AND
2022 UNINFORMED JUDGMENTS

(13) AND BASED ON THIS DISTRICT COURT JUDGE'S SAID 2022 NOT
INFORMED DECISION i.e. DECIDING TO PREVENT REID FROM ASSERTING SAID CLAIMS
AND/OR MAINTAINING/FINALLY CARRYING ON FULLY HIS SAID FEDER-
AL RIGHTS AND/OR CLAIMS (BOTH THE PREVIOUSLY PARTIAL IN-
ITIATED ONES BUT NEVER PERMITTED OPPORTUNITY TO BE HEAR NOR
CONSIDERED BY THE 1998-1999 DISTRICT COURT JUDGE IN THE EARL-
IER FEDERAL HABEAS CORPUS PROCEEDING ON REID, THEN PROPERLY FILED
AS REID SO BELIEVED AT THE TIME HE FILED IT (CONSIDERING REID WAS
ENTITLED TO THE EQUITABLE TOLLING OF THE SAID 28 U.S.C.S 2244's
ONE YEAR STATUTE OF LIMITATION DESPITE HIS IGNORANCE OF THE SAME)
AND DECIDING—MISTAKENLY OR AMBUSHLY TO IMPROPERLY DISMISS REID's
SAID 2022 FEDERAL HABEAS PETITION BASE A POTENTIAL OR POSSIBLE
PROCEDURAL BAR GROUND WHICH WAS TOTALLY UNTESTED WHICH IT
REFUSED OR TOTALLY DISREGARD TO ALLOW REID AN OPPORTUNITY—
INITIALLY—TO GIVE HIS INPUT ON BEFORE THE STATE FILED ITS
RESPONSE TO SAID 2022 PETITION, AND WHICH INDICATES, UN-
TESTEDLY (NOT LITIGATED) THAT THIS COURT MIGHT LACK JURISDIC-
TION (1) TO HEAR AND CONSIDER THE PETITION / REID / REID SAID RIGHTS
AND CLAIMS (2) TO GIVE REID FEDERAL HABEAS CORPUS HEARING NOR
TO PERMIT REID ANY OPPORTUNITY TO GIVE HIS INPUT; TO INSIST
ON HIS RIGHTS AND CLAIMS (POSITION) TO LEARN, TO BE GIVEN
NOTICE NOR ANY LEGAL/AUTHORIZED THRUSTING HIMSELF FOR-
WARD IN NOR UNDER THE AUTHORITY, PROCEEDING, INTEGRITY OF THIS
DISTRICT COURT JUDGE IN SAID PREVIOUS 2022 FEDERAL HABEAS PRO-
CEEDINGS, NOR IN THE 1998-1999 HABEAS FEDERAL PROCEEDINGS HAD IN
THIS FEDERAL DISTRICT COURT.

(14) AFTER REID FILED HIS NOTICE OF LATE FILING/MOTION
FOR EXTENSION OF TIME FOR FILING OR TO REOPEN THE TIME FOR FILING
A NOTICE OF APPEAL (see DOCUMENT # 7) THIS HONORABLE DISTRICT

9

COURT JUDGE (HON. MARCIA MORALES HOWARD) ON 6/21/2022 "REOPENED ITS SAID 4/1/2022 JUDGMENT FOR REID i.e. TO PERMIT REID "FOR THE FIRST" THRUST HIMSELF FORWARD WITH HIS CLAIMS SUCH AS:

EQUITABLE REASONS THAT ENTITLES REID TO SAID TOLLING OF SAID LIMITATIONS

1. HIS SAID IGNORANCE OF SAID 28 U.S.C. § 2244'S FILING REQUIREMENT FOR HIS & SAID 1998 FEDERAL HABEAS PETITION AND CLAIM (THESE ARE EXTRAORDINARY CIRCUMSTANCES "SUGGESTING/SHOWING THAT REID IS FAULTLESS IN THE DELAY:

2. HIS LACK OF [ACTUAL] NOTICE OF # SAID FILING REQUIREMENT

3. HIS LACK OF CONSTRUCTIVE KNOWLEDGE OF SAID FILING REQUIREMENTS

4. THE 28 U.S.C. § 2254 FORM PROVIDED REID DID NOT PROVIDE ANY NOTICE OF 28 U.S.C. § 2244 NOR OF SAID FILING REQUIREMENTS AND WAS THUS FATALLY DEFECTIVE

5. THAT THE 1998-1999 SAID DISTRICT COURT ABUSED ITS DISCRETION BY/IN HIS SAID FEDERAL HABEAS PROCEEDING BY SUA SPONTE RAISING AND DECIDING THE SAID STATUTE OF LIMITATION DEFENSE BEFORE THE GOVERNMENT RESPONDED TO REID'S SAID 2254 HABEAS PETITION AND WITHOUT GIVING REID NOTICE (WARNING THAT IT WOULD SO DO, AND NOT GIVING REID AN OPPORTUNITY TO INFORM IT / TO LEARN FROM HIM ANY OF THE AFOREMENTION FACTORS (WHICH INCLUDES REID'S IGNORANCE OF THE EXISTENCE OF A TEST USED BY THIS COURT OR THE APPEAL COURT TO EVALUATE OR DETERMINE IN EACH CASE WHEN TO OR NOT TO TOLL ECQUITABLY TOLL SAID STATUTE OF LIMITATION; AND/OR TO EVALUATE THE TIMELINESS OF PETITIONS FOR HABEAS CORPUS; REID INABILITY TO ANTICIPATE BEFORE HE FILED HIS SAID HABEAS PETITION (WHILE PREPARING SAID PETITIONS CLAIM) "BEFOREHAND THAT THE DISTRICT COURT JUDGE WOULD AMBUSH (USE FRAUD AGAINST OR VIOLATE THE SUSPENSION CLAUSE) TO PREVENT HIM FROM ASSERTING ANY OF HIS (REID'S) RIGHTS, CLAIMS, ILLPUT, INFORMATION UNKNOWN TO OR NOT ASSERT BY REID TO BE HEARD AND CONSIDER IN REID'S INSISTENT ON THE        SAME BY/TO SAID JUDGE.

10

THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF FLORIDA'S EARLIER 1999 HABEAS PROCEEDING, DECISION,
JUDGMENT, ACTION, ORDER IN THIS CASE DENYING THE
PETITIONER REID HABEAS RELIEF REST ON AN ILLEGITIMATE/

DEFECTIVE/ERRONEOUS/IMPROPER/
IMPERMISSIBLE/ABUSE OF DISCRETION

(15) REID DID NOT SEEK LEAVE FROM THE ELEVENTH CIRCUIT
COURT OF APPEALS TO FILE THE INSTANT Rule 60(b) MOT-
ION BECAUSE

1. REID's INSTANT MOTION IS A TRUE Rule 60(b) MOTION

2. REID's SAID MOTION IS NOT A SECOND OR SUCCESSIVE
FEDERAL HABEAS PETITION

3. HEREIN THIS REID's SAID MOTION (REID) ATTACKS THE
(1) INTEGRITY (2) ACCURACY (3) LEGITIMACY (4) CORRECTNESS
(5) PROPERNES (6) HONESTY OF# THIS HONORABLE DISTRICT
COURT's SAID EARLIER 1999 JUDGMENT, DECISION TO FORDE
(HABEA JUDGMENT) RAISING AND DECIDING AEDPA's STATUTE OF
LIMITATION "sua sponte" WITHOUT REACHING THE MERITS
OF REID's FIRST 2254 HABEAS PETITION FILED IN 1998 AS
WRONG/A MISTAKE/IMPROPER/FRAUDULENT
4 IT ATTACKS  THIS COURT's SAID EARLIER/PRIOR 1999 FEDER-
AL COURT ORDER DENYING HABEAS RELIEF TO REID (PETITIONER) FROM
A STATE COURT CONVICTION AND SENTENCE

5 THIS DISTRICT COURT DID NOT CONSIDER THE AND DID
NOT ADJUDICATE THE MERITS OF THE CLAIMS RAISED IN REID's
SAID FIRST 28 U.S.C.S. 2254 FEDERAL HABEAS CORPUS PETITION,
UNDER STEWART V. MARTINEZ-VILLAREAL 523 U.S. 637 (1998); SLACK V.
McDANIEL, 529 U.S. 473 (2000); ARTUZ V. BENNETT, 531 U.S. 4 (2005);
GONZALEZ V. CROSBY, 545 U.S. 504 (2005); BURTZ V. MENDOZA-POWERS,

17

UNITED STATES, 474 F.3d 1193 (9th Cir. 2007) (quoting & Gonzales supra 125 at 125 S. Ct. at 2648-49) etc. "PETITIONER could File a Fed. R. Civ. P. (60(b) motion without obtaining prior authorization etc. pursuant to 28 U.S.C. 2244(b)(3)(A)

(b) HEREIN REED Humbly REQUEST this said Honorable District Court to "either Open/Re-Open its said 1999 Order/Dismissal/Judge and/or "Reinstate Reed's said First Petition" or Vacate this Court's said improper, Defective, Erroneous, illeg=itimate 1999 Habeas Judgment/Order Dismissing Reed's said First Petition without prejudice and without reach-ing the merits of the claims raised in Reed's said First Petition under Rule 60(b)(1)(2)(3)  or Rule 60(b)(6) on the Grounds that or for reasons that :

(16) REED was entitled to :  ; Equitable Tolling of the AEDPA's one year statute of limitations for the time of the expiration of said one year Limitation in Reed case which would have been in April of 1997 until Reed File his said First Petition in 1998 (some 18 months later because Reed, from the loins of his Father, the womb of his mother's, and from his personal Tender Years Reed was - through no fault of Reed rendered total-ly mentally disabled, collasped, fallen, subdue then formed into a then: not allow his own thoughts, not allow to be his own think, not allowed intelligent nor any accurate information of the true laws and ways intents and action of the white Racist sex fiend world Always surrounding, controll, and Damaging and Retaking him and those who look like him and always forcing him and his kind to live but to be the caregivers of the millions and billions of white Racist sex fiends (excuseable fulfiling the demonic laws and expectations of a largely white Racist sex fiend people) exceptional circumst-

12

ANCES AND MANY OTHER RELATED EXCEPTIONAL CIRCUMSTANCES AND/OR EXCUSABLE DELAYS AND NEGLECT WHICH HAS IN SOME RARE AND EXTRAORDINARY WAY (TO INCLUDE AN ILLEGITIMATE, DECEPTIVE 2 UNLAWFUL, IMPROPER sua sponte ACTION, sua sponte DISMISSAL WITH PREJUDICE WITHOUT REACHING IN THE MERITS OF THE CLAIMS IN REID'S FIRST SAID 2254 PETITION "ON A TECHNICAL PROCEDURAL REASON/ISSUE (IMPROPERLY RAISE/INSTATED) HAVING NOTHING TO DO WITH THE MERITS OF THE CLAIMS RAISED IN REID'S SAID FIRST PETITION) THIS FEDERAL DISTRICT COURT'S SAID PRIOR JUDGMENT/DISMISSAL ORDER IN 1999 (see PAGES 7 THROUGH page 11, 16 THROUGH PAGE 25, 40-62     OF THIS MOTION) SUCH EXCEPTIONAL CIRCUMSTANCE/EXTRAORDINARY CIRCUMSTANCES BEYOND REID'S REASONABLE CONTROL AS SUCH FACTUALLY EXISTS LONG BEFORE, AT THE TIME AND AFTER REID FILED HIS SAID FIRST 2254 PETITION IN 1998 "PREVENTED REID FROM (1) ASSERTING HIS FEDERAL RIGHTS UNDER 28 U.S.C.S 2254 HABEAS STATUTE TO CHALLENGE AND ATTACK 2A THE LEGALITY, BAS FACTUAL/ACTUAL BASIS, ACCURATENESS, RELIABILITY, LEGAL SUFFICIENCY OF THE EVIDENCE INTRO-DUCED BY THE STATE (1) TO PROVE EVERY ELEMENT OF THE CHARGED OFFENSE (3) TO PROVE THE IDENTITY OF THE ABUSER (C) TO PROVE GUILT (d) TO VALIDATE/ESTABLISH THE VALIDITY OF THE CRIMINAL CHARGE OR CASE OR JURY VERDICT OR A CONVICTION OR SENTENCE AGAINST REID FROM A STATE COURT DETENTION OR CONVICTION OR SENTENCE JUDGMENT   (2) AND TO : FULL AND FAIR HABEAS HEARING ON SAID MATTERS AND MERITS OF SAID CLAIM, ISSUES, AND QUESTIONS OF FACTS AND LAW AND OR A STRONG SHOWING OF/PROOF OF FACTUAL INNOCENCE RAISE-ESTABLISH-SHOWN-REASONABLY AND PLAUSIBLE CONSTRUED FROM THE ALL SWORN ALLEGATIONS IN REID SAID FIRST PETITION (3) AND FROM OBTAINING A GRANT OF HABEAS RELIEF FROM THIS FEDERAL DISTRICT COURT.

13.

4.) REID ARGUES THAT HIS CURRENT 2022 HABEAS PETITION IS NOT SUCCESSIVE HENCE THIS DISTRICT COURT HAS JURISDICTION TO FILE IT AND TREAT IT AS ANY OTHER FIRST PETITION WHEN IT WAS/AFTER IT WAS FILE BY REID See RESE V. LUNDY, 455 U.S. 509, 520-522 (1982).

5.) REID ARGUES THAT THIS DISTRICT COURT SHOULD HAVE TREATED REID'S SAID 2022 HABEAS PETITION AS A FIRST PETITION.

6.) REID ARGUES THAT HIS SAID 2022 HABEAS PETITION SHOULD BE TREATED AS A FIRST PETITION UNDER STEWART V. MARTINEZ-VILAREAL, 523 U.S. 637 (1998) BECAUSE HIS SAID CLAIMS OR RIGHTS OR ISSUES (MANY OF THEM) WOULD HAVE BEEN PREMA-TURE IF RAISED IN REID'S SAID 1998 HABEAS PETITION OR BE-CAUSE SAID RARE AND EXTRORDINARY IMPEDIMENTS (EQUITABLE REASONS OUTSIDE OF REID'S CONTROLL (SUCH AS REID'S SAID AWARENESS AS WELL AS HIS SAID IGNORANT OF SAID SUCH RIGHT, FILING REQUIREMENTS, THIS DISTRICT COURT'S SAID SUA Sponte EGREGOUSLY AND INJURIOUS IMPROPER CONDUCT (REASONS THAT PREVENT THE OPERATION OF THIS DISTRICT COURT'S SAID 2022 JUDGMENT AND/ORDER OR DECISION PRECLUE BASED ON SUCH AN EGREGIOUS AND INJURIOUS DEFECTIVE FOUNDATION) See JAMES V. WALSH, 308 F.3d 162, (3rd Cir 2005) (2n Cir 2002) & BRINSON V. VAUGHN, 398 F.3d 225 LONEHAR V. THOMAS, 51 U.S. 314, 324 (1993).

7.) HENCE, REID ARGUES THAT THIS DISTRICT COURT'S SAID FAILURE TO TREAT HIS SAID 2022 HABEAS PETITION AS A FIRST PETITION VIOLATES THE SUSPENSION CLAUSE BECAUSE CONGRESS DID NOT NARROWLY TAILOR AEDPA'S LIMITATIONS ON SUCCESSIVE PETITION   TO BE AUTOMATIC NOR TO AN EXIGENCY Justifying SUSPENSION OF THE WRIT OF HABEAS CORPUS.

14

## STRONG FACTUAL REASON JUSTIFYING RELIEF FROM THE OPERATION OF THIS DISTRICT COURT'S SAID 1999 AND/OR 2022 HABEAS PETITION JUDGMENT(S)

(27) REID ASSERTS AND ARGUES THAT LIKE IN 1999 SO ALSO IN 2022 IN THIS CASE TO REID'S DETRIMENT:

(1) REID HAD BELIEVED THAT FOR THIS COURT TO DIS- MISS HIS SAID FIRST SECTION 2254 FEDERAL PETITION WITH PREJUDICE AS TIME BARRED, ALONE (WITHOUT REACHING REID'S SAID CONSTITUTIONAL CLAIMS) MEANT ALL FEDERAL LITIGATION WAS LOSS/HAD ENDED FOR HIM IN THIS CASE (IN AND FOR DECADES SINCE 1999 REID WAS NOT AWARE OF THE FACT THIS DISTRICT COURT'S SAID ACTIONS, INACTIONS, THE LACK OF INTEGRITY, DEFECTIVE FOUNDATION AND/OR THE RESULTS OF THE SAME [REID WAS NOT AWARE OF THE FACT NOR THE FEDERAL LAW] THAT THIS COURT'S SAID RAISING AND DECIDING, NOR ITS SAID OTHER 1999 ACTIONS, INACTION, JUDGMENT, DECISIONS, FAILURE TO TOLL THE RUNNING OF AEDPA'S SAID STATUTE OF LIMITA- TION CONSTITUTES INTENTIONAL OR INADVERTENT DECEPTION/FRA- UD/AMBUSH FROM A DISTRICT COURT JUDGE THAT HAD SUBSTANTIAL- LY PREVENTED REID FROM ASSERTING HIS FEDERAL RIGHTS AND STRONG CLAIMS TO JUSTICE AND/OR THE REQUESTED HABEAS RELIEF REID WAS UNAWARE OF THE FACT THAT IN 1999 THIS COURT HAD ABUSED ITS DISCRETION BY NOT HOLDING SAID HEARING, BY ITS SAID sua sponte ACTIONS, BY NOT TOILING THE RUNNING OF SAID STATUTE OF LIMITATION, THAT HE COULD ATTACK THE MERIT OF THIS COURT'S SAID DECISION, THAT HE HAS A STRONG INTEREST IN AND IN FACT COULD ATTACK THIS COURT'S SAID 1999 ORDER AND JUDGMENT AND UNDO LOSS LITIGATION (HE WAS UNAWARE OF THE RULE 60(b) MOTION IN AND FOR DECADES SINCE 1999)

(2) REID'S SAID 2022 PETITION'S ACTUAL FACTUAL INNOCENCE ALLEGATIONS EXCEPTION TO SAID PROCEDURAL BAR ISSUE(S) GROUND/CLAIM (TOTALLY INNOCENCE) AND PLEADING HIS PAPER PROOF OF INNOCENCE SUBMITTED IN SUPPORT OF SAID PETITION'S SAID ALLEGATION MAKES A SUFFICIENT STRONG SHOWING OF TOTAL ACTUAL FACTUAL INNOCENCE i.e.-REID

15.

HAS AMPLY MET THE DEMANDING STANDARD (ACTUAL INNOCENCE)
IN THIS CASE WHICH TOO CONSTITUTES A STRONG REASON JUSTIFYING RELIEF
FROM THE OPERATION OF THIS DISTRICT COURT'S SAID JUDGMENT(S) IN THIS CASE;

(3) REID FILES THE INSTANT MOTION (A RULE 60(B)(6) MOTION
CHALLENGING (BY MEANS OF HIS SAID FACTUAL PREDICATE WHICH
DEALS PRIMARILY WITH SAID PROCEDURAL DEFECTS OF/IN THIS
DISTRICT COURT'S SAID EARLIER, AND IN THIS COURT'S PRESENT
SAID DECISION, AND JUDGMENT OF DISMISSAL(S)) THIS DISTRICT
COURT'S SAID EARLIER AND/OR PRESENT JUDGMENT OF DISMISSAL(S)
(AND SEEKING/REQUESTING HABEAS RELIEF THIS COURT'S SAID JUDGMENT)
OF HIS REQUEST FOR HABEAS RELIEF CASE ON SAID STATUTE OF LIMITA-
TIONS GROUNDS.' 4 THIS DISTRICT COURT'S SAID EARLIER, LIKE IT'S
PRESENT SAID JUDGMENT OF DISMISSAL DID NOT AT ALL OR DID NOT
SUBSTANTIVELY ADDRESS THE ASSERT/ALLEGED FEDERAL GROUND [ALLEGED
IN THE SAID EARLIER NOR IN THE SAID PRESENT 2254 HABEAS PETITIONS
FOR REVERSING REID's (PETITIONER'S) SAID STATE CONVICTION

(A) CONSIDERING THE FACT THAT, IN THE INSTANT MOTION, HIS REQUEST
OF THIS HONORABLE COURT TO (I) REINSTATE HIS 2022 HABEAS PETITION
TO ACCEPT IT AS A FIRST PETITION, TO HOLD THE HEARING AND IN-
QUIRIES WHICH ARE APPROPRIATE FOR A FIRST PETITION IN THIS
CASE, TO MAKE THE APPROPRIATE DETERMINATION, BALANCING
OF THE RESPONDENT'S INTEREST AGAINST REID'S INTEREST IN JUSTICE
AS JUSTICE REQUIRES/AS REQUIRED BY JUSTICE OR THE FEDER-
AL LAWS

(B) REID DOES NOT SEEK TO ADD NEW CLAIMS TO HIS SAID
1998 HABEAS PETITION AND NOR DOES HE SEEKS TO ADDUE NEW EVIDENCE
NOR CITE NEW CASE LAW IN SUPPORT OF HIS SAID EARLIER 2254 PETITION

(C) REID DOES NOT, HEREIN/HEREBY, SEEK TO ADD NEW CLAIMS
NOR TO ADD NEW EVIDENCE NOR TO CITE NEW LAW IN SUPPORT OF/NOR
TO HIS SAID 2022 2254 PETITION

(D) IF OR SINCE REID'S SAID 2022 PETITION RAISES QUESTIONS
ABOUT THE INTEGRITY OF THE SAID 1998-1999 HABEAS RELIEF PROCEED-
ING HAD IN THIS FEDERAL COURT IN THIS CASE THEN THIS HONORABLE
DISTRICT COURT SHOULD REVIEW THE FILING UNDER THE STANDARDS

!16

(22) THE SAID EARLIER DISTRICT COURT JUDGE ERRED IN NOT CONDUCTING A HEARING TO ENABLE PETITIONER (REID) TO (LITIGATE) DEVELOP AND ESTABLISH A FACTUAL RECORD OR PREDICATE OF HIS RIGHTS AND CLAIM (PRESENTED AND UNPRESENTED) FEDERAL CONSTITUTIONAL RIGHT AND CLAIMS AS TO WHY HE WAS ENTITLED TO EQUITABLE TOLLING OF SAID STATUTE OF LIMITATION OR WHY HE WAS TIMELY FILED OR WHY HIS PREVAILING CIRCUMSTANCES EXCUSES HIS FAILURE TO FILE TIMELY AND IN WHICH TO ASSERT HIS REQUEST FOR EXCEPTION TO SAID STATUTE OF LIMITATION BASE ON HIS SAID TOTAL ACTUAL INNOCENCE OR BASED ON CORRECTING A MISCARRIAGE OF JUSTICE OR TO PREVENT A MISCARRIAGE JUSTICE OR TO CORRECT A MANIFEST INJUSTICE AS REQUIRED BY JUSTICE/AS JUSTICE REQUIRES OR BASE ON REID'S INTEREST OF/IN JUSTICE

(23) THE 1999 DISTRICT COURT SHOULD HAVE TOLLED SAID RUNNING OF THE SAID LIMITATIONS PERIOD

(24) THE 2022 DISTRICT COURT JUDGE ERRED IN RAISING AND DECIDING REID'S SAID 2022 HABEAS PETITION WAS SUCCESSIVE SUA SPONTE BASED SOLELY ON A PROCEDURAL REASON THAT HAS NOTHING TO DO WITH THE PRESENTED CLAIMS' MERITS

(25) SAID 2022 DISTRICT COURT JUDGE ERRED IN NOT CONDUCTING A HEARING TO
(A) TO ALLOW REID TO DEVELOPE AND ESTABLISH WHY HIS SAID 2022 HABEAS PETITION IS NOT A SECOND OR/NOR A SUCCESSIVE PETITION
(B) TO ALLOW REID TO DEVELOPE AND ESTABLISH AS A MY WHY SAID JUDGE MUST TREAT HIS 2022 HABEAS PETITION AS A "FIRST" FEDERAL PETITION (AS REID'S FIRST SECTION 2254 PETITION)

17

(c) TO LEARN THE GOVERNMENTS POSITION

(D) TO LEARN FROM REED CERTAIN UNDISPUTED FACTS, FACTUAL PREDICATES, CIRCUMSTANCES, REED'S FEDERAL RIGHTS, CLAIMS, INTEREST, TO PROPERLY STRIKE A PROPER, FAIR, HONEST, HONORABLE AND ACCURATE BALANCE BETWEEN THE INTERESTS OF THE GOVERNMENT AND THE PETITIONER'S (REED'S) INTEREST IN JUSTICE

(E) TO UNDO THE EFFECT OF THE SAID 1999 ORDER AND JUDGMENT OF SAID DISTRICT COURT JUDGE IN AND RELATED TO REED FILING HIS SAID 2022 PETITION

(F) TO UNDO LITIGATION LOSS TO REED DUE TO SAID 1999 sua sponte RAISING AND DECIDING SAID STATUTE OF LIMITATION i.e. AN AFFIRMATIVE DEFENSE (PROCEDURAL BAR GROUND)

(G) TO LEARN THAT REED'S CURRENT SECTION 2254 PETITION WAS NOT SUCCESSIVE

(H) TO LEARN THAT IT HAS JURISDICTION TO FILE/SUBMIT, HEAR, HOLD AN EVIDENTIARY HEAR ON THE UNRESOLVED QUESTIONS OF MATERIAL FACTS AND LAW AND DETERMINE THE MERITS OF REED'S NEW AND OLD CLAIMS IN SAID SECTION 2254 PETITION FILED IN 2022

(I) AND TO LEARN THAT THE FAILURE, BY A DISTRICT COURT JUDGE, TO TREAT REED SAID SUBSEQUENT 2022 FEDERAL HABEAS AS A FIRST PETITION WOULD VIOLATE THE SUSPENSION CLAUSE

'18

8) REID ARGUES THAT SINCE IN/DURING ITS SAID 1998-1999 HABEAS PROCEEDING THIS COURT FAILING TO GIVE REID AND THE RESPONDENT "NOTICE THAT THIS DISTRICT COURT WAS GOING TO CONSIDER SAID PROCEDURAL BAR, AFFIRMATIVE DEFENSE AND THIS COURT'S FAILING TO GIVE REID AND THE RESPONDENT AN OPPORTUNITY TO GIVE THE INPUT OF THEIR OWN POINT AND/OR EQUITABLE REASONS AND FACTS NOT IN THE RECORD AND NOT PRESENT FROM THE FACE OF REID's SAID 2254 HAB-EAS PETITION FILED IN 1998 AS TO WHY REID IS OR ISN'T ENTITLED TO THE EQUITABLE OR JUDICIAL TOLLING OF THE RUNNING OF AEDPA's ONE YEAR STATUTE OF LIMITAT-ION PERIOD (THERE WAS NO MAGISTRATE'S REPORT AND RECOMMENDATION TO THIS COURT ALERTING REID AND THE RESPONDENT THAT PROCEDURAL BAR WOULD BE AT ISSUE IN THIS CASE IN SAID HABEAS PROCEED-INGS NOR THAT THIS HONORABLE DISTRICT COURT'S JURISDICTION WOULD BE AT ISSUE, HENCE UNDER THESE SAID RARE AND EXTRA-ORDINARY CIR-CUMSTANCES, IT WAS AN ABUSE OF DISCRETION FOR THIS SAID DISTRICT COURT TO RAISE AND DECIDE SAID ISSUE OF (A) REID ENTITLEMENT TO EQUITABLE TOLLING (B) WHETHER REID WAS ENTITLED TO A GRANT OF HABEAS RELIEF (C) WHETHER SAID PROCEDURAL BAR WAS TRIGGER-ED OR EXCUSED (D) WHETHER REID IS ENTITLED TO AND ENTITLED TO BENEFIT FROM A ACTUAL FACT-UAL INNOCENCE EXCEPTION OR A MISCARRIAGE OF JUSTICE EXCEPTION OR FROM A STRONG SHOW-ING OF ACTUAL INNOCENCE WITH NEW AND RELIABLE-TRUSTWORTHY EYEWITNESS EVIDENCE (E) WHETHER THIS COURT LACK JURISDICTION OF THE FILING OF REID's SAID 1998 HABEAS PETITION???
Sua sponte

19

IN THIS CASE IT WAS PROPER FOR THIS HONORABLE
DISTRICT COURT TO APPLY THE DOCTRINE OF EQUIT-
ABLE TOLLING TO THE PERIOD OF TIME FOLLOWING
THE RUNNING OF (EXPIRATION OF / DELAY IN REID'S
FILING HIS SAID 1998 HABEA PETITION LESS THAN
ON YEAR AND SIX MONTHS) AEDPA'S ONE YEAR LIMITATION
PERIOD . . REID SAID CURRENT HABEAS PETIT-
ION FILED IN 2022 IS NOT A SECOND OR SUCCE-
SSIVE PETITION AND IS TIMELY FILED BECAUSE
WHEN REID FILED HIS SAID CURRENT HABEAS PETITION
THIS COURT SHOULD HAVE (IT WAS PROPER TO APPLY)
APPLIED / WAS REQUIRED TO APPLY / IS REQUIRED
TO APPLY (UNDER SAID CIRCUMSTANCES AND REID'S
SAID TOTAL FAULTLESSNESS IN SAID DELAY OR SAID
HAMPERING OF REID BY THIS COURT OR THE
HAMPERING OF REID'S SAID FIRST AS WELL AS
HIS CURRENT PETITION FOR HABEAS RELIEF)
SAID DOCTRINE OF EQUITABLE TOLLING TO THE PERIOD
OF TIME FOLLOWING THIS HONORABLE DISTRICT COURT'S
1999 ERRONEOUS DECISION / JUDGMENT OF DIS-
MISSAL OF REID'S SAID FIRST FEDERAL HABEAS
PETITION (THIS DISTRICT COURT SHOULD HAVE TREATED
REID'S SAID CURRENT HABEAS PETITION AS ANY OTHER
FIRST PETITION FILED PURSUANT TO 28 U.S.C.S 2254
IS REQUIRED TO BE TREATED AND ENCOURAGED TO
GO FURTHER AND REACH THE CONSTITUTIONAL CLAIMS'
MERITS AND RESOLVE ALL MATTERS OF FACTS AND
LAW (FEDERAL LAW / CONSTITUTIONAL RULE) WHICH
RAISES GENUINE SUBSTANTIAL REASONABLE DOUBT
AS TO REID'S ALLEGED GUILT, THE TRIAL COURT'S
JUDGMENT OR FINDING OF FACTS CONTRARY TO THE
EVIDENCE IN THE RECORD OR THE CONTROLLING FED-
ERAL RULE IN REID'S FAVOR WHICH ARE (CLAIMS) IN
REID'S  . SAID CURRENT PETITION AND WERE ERRONEOUS-
LY DISMISSED . BY THIS COURT AS UNTIMELY IN REID'S SAID
FIRST (PREVIOUS) FEDERAL HABEAS PETITION).

20

(17) UNDER THE INTERVENING FEDERAL CONSTITUTIONAL RULE / PRECEDENT / PRINCIPLE / LAW OR LAW OF THE CASE / CONTROL PRECEDENT / PRINCIPLE / RULE ANNOUNCED BY THE SUPREME COURT OF THE UNITED STATES IN ROSE supra, 455 U.S. at _____ STEWART supra, at _____ Hill supra. 277 F.3d at _____ SLACK supra U.S. at _____ REID ARGUES THAT SINCE THIS DISTRICT COURT'S SAID 1999 MISTAKEN OR FRAUDULENT (IMPROPER) JUDGMENT OF DISMISSAL OF REID'S SAID FIRST PETITION IS A POSSIBLE VIOLATION OF THE SAID SUSPENSION OF THE WRIT OF HABEAS REQUEST FOR HABEAS RELIEF CLAUSE, THIS COURT'S SAID IMPROPER DISMISSAL OF REID'S SAID FIRST HABEAS PETITION (1) WITH PREJUDICE (2) WITHOUT REACHING THE CLAIMS MERITS (3) WITHOUT GIVING SAID NOTICE TO SAID PARTIES (4) WITHOUT GIVING SAID OPPORTUNITY TO SAID PARTIES (5) WITHOUT BALANCING THE FEDERAL INTERESTS IN COMITY AND JUDICIAL ECONOMY AGAINST REID'S SUBSTANTIAL INTEREST IN JUSTICE (6) FOR "A / BASED ON SAID TECHNICAL REASON THAT HAS NOTHING TO DO WITH ANY OF THE CLAIMS MERITS, sua sponte " SUBSTANTIALLY HARMFULLY AND UNREASONABLY, IM-PREMISSIBLY " PREVENTED REID IN SAID SUFFICIENTLY EXTRAORDINARY AND RARE WAY BEYOND REID'S CONTROL FROM ASSERTING HIS SAID FEDERAL (OLD) CLAIMS AND FEDERAL RIGHTS (AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES IN ITS BINDING DECISIONS ON ALL FOUR WITH/IN REID'S CASE - REID ACTUAL FACTS IN THE RECORD AND/OR HAS SAID NEW RELIABLE EVIDENCE NOT PRESENTED AT HIS CRIMINAL TRIAL OUTSIDE OF REID'S CONTROL) UNDER THE FEDERAL HABEAS STATUTE,,, HENCE REID   : ARGUES THAT HIS SAID FIRST FEDERAL HABEAS PETITION WAS TIMELY FILED BE-

21 .

(20) IN REID'S SAID SUBSEQUENT FEDERAL HABEAS PETITION FILED MARCH OF 2022 HE RAISED THE ISSUE/CLAIM OF HIS IMPROPERLY DISMISSED FIRST FEDERAL HABEAS PETITION WHEN, FOR THE FIRST TIME, HE WAS REQUIRED (IMPROPERLY) TO GIVE A TIMELINESS OF THE PETITION RESPONSE TO THE SAID AEDPA'S STATUTE OF LIMI-TATION AFFIRMATIVE DEFENSE NOT PLEAD BY AND WAIVED BY THE RESPONDENT BUT UNCONSTITUTIONALLY REQUIRE BY THE STANDARD 28 U.S.C. § 2254 FORM REID FILED IN 2022 (THIS REQUIREMENT DID NOT EXIST WHEN SAID REID FILED HIS SAID FIRST FEDERAL HABEAS CORPUS PETITION IN 1998 (AND AS AN IM-PROPER CURE OF THE ST RESPONDENT'S WAIVER OF THE STATUTE OF LIMITATION AFFIRMATIVE DEFENSE OR IMPROPERLY RELIEVES THE RESPONDENT BOTH OF ITS DUTY AND BURDEN TO PLEAD SAID DEFENSE BY SHIFTING SAID DUTY AND BURDEN TO A [FIRST TIME] PETITIONER TO PLEAD IN THE PETITION AFTER THE SAID ONE YEAR LIMITATION HAD RUN (THIS DISTRICT COURT APPEARS TO AGREE AND STRONGLY INDICATES THAT SUFFICIENT RARE AND EXTRAORDINARY OR EXCEPTIONAL CIRCUMSTANCES WHICH HAVE MADE IT IMPOSSIBLE FOR REID TO FILE HIS PRIOR 1998 PETITION AS WELL AS HIS CURRENT SAID 2022 PETITION AT AN EARLIER DATE AND TIME IN THIS COURT) REID'S ACTUAL INNOCENCE GATEWAY CLAIM IS DIRECTLY RELATED TO HIS TIMELINESS OF THE PETITION CLAIM—"NEW CLAIM" "AS TO THE TIMELINESS OF BOTH HIS SAID VERY FIRST FEDERAL PETITION AND HIS SAID RETURN TO THE FEDERAL COURT 2022 PETITION WHICH MUST BE TREATED AS ANY OTHER VERY FIRST TO BE FILED 28 U.S.C. 2254 HABEAS PETITION ??? SINCE SAID NEW CLAIM COULD NOT HAVE BEEN RAISED IN REID'S 1998 VERY FIRST PETITION SINCE AS A MATTER OF FEDERAL LAW AS DET-ERMINED BY THE SUPREME COURT OF THE UNITED STATES, THE RESPOND-ENT, AND NOT THE [FIRST TIME] PETITIONER, ALONE IS HAS A DUTY TO RAISE AND PLEAD SAID AFFIRMATIVE DEFENSE IN ITS RESPONSE

22

TO THE FIRST TIME FILING PETITIONER'S PETITION (THE 2254 FORM FILED BY REID IN THIS MATTER, IN 1998 DID ASK REID TO NOT GIVE A RESPONSE TO NOR TO PLEAD FOR NOR AGAINST THE AEDPA'S SAID STATUTE OF LIMITATION AFFIRMATIVE DEFENSE UNDER §2244(d)

(27) THE 2254 FORM FILED BY REID, IN 1998, DID NOT IN FORM REID OF THE EXISTENCE OF SAID AEDPA NOR OF ANY OF ITS PROCEDURAL BAR ISSUES NOR OF ANY OF AEDPA'S AFFIRMATIVE DEFENSES- PROCEDURAL PA BAR GROUND(S) --- SAID GROUND OR PROCEDURAL BAR ISSUE DID NOT ARISE UNTIL AFT AFTER REID FILED HIS SAID FIRST FEDERAL PETITION (AFTER THE ONE YEAR STATUTE OF LIMITATION HAD EXPIRED IN 1997 IN THIS MAT-TER) i.e. THE RESPONDENT ONLY, WAS REQUIRED TO PLEAD SAID STATUTE OF LIMITATION (BUT WAIVED SUCH) AT THE TIME REID FILED HIS SAID FIRST HABEAS PETITION IN 1998 IN THIS FEDERAL COURT THEN IN 1999 HABEAS PROCEEDING THIS DISTRICT COURT *IMPROPERLY CURED THE WAIVER OF SAID STATUTE OF LIM-ITATION BY THE RESPONDENT BY sua sponte RAISING AND DE-CIDING SAID STATUTE OF LIMITATION ISSUE AGAINST REID'S SAID FIRST PETITION, THE CLAIMS PRESENTED THEREIN AND A MAJOR HUMAN LIBERTY INTEREST INVOLVED AT THE TIME IN THIS MATTER (i.e. THIS COURT'S SAID sua sponte ACTION IN 1999 IMPROPERLY CURED RESPONDENT'S SAID WAIVER, THUS THIS DISTRICT COURT ERRED IN DISMISSING REID'S SAID FIRST PETITION ON SAID STATUTE OF LIMITATIONS GROUND AND THIS COURT'S SAID 1999 JUDGMENT MUST BE VACATED BECAUSE THE INTEREST OF JUSTICE REQUIRES IT TO CORRECT A MISCARRIAGE OF JUSTICE *THAT OCCURRED IN SAID 1999 HABEAS PROCEEDINGS AND REID'S SAID 1998 FEDERAL HABEAS PETITION SHOULD BE REINSTATED BY THIS COURT FOR THE CONSIDERATION OF THE MERITS OF REID'S 1998 HABEAS PETITION'S CLAIMS

23.

SINISTER 1999 HABEA CORPUS DECISION, JUDGMENT, ORDERS, DENIAL OF HABEA RELIEF, AND MANDATE IS WARRENTED IN REID'S FIRST FEDERAL HABEAS CAUSE BEFORE THIS COURT AND IS NECESSARY TO PREVENT A VIOLATION FROM/BY THIS COURT OF THE SUSPENSION CLAUSE i.e. TO PREVENT A MISCARRIAGE OF JUSTICE IN THIS CAUSE OR AFTER REID FILED HIS 1998 FIRST FEDERAL PETITION

(BB) REID HUMBLY ASKS THIS HONORABLE COURT TO RELIEVE HIM ITS SAID 1999 FINAL JUDGMENT DISMISSING HIS FEDERAL HABEAS PETITION AS TIME BARRED BASED ON ONE OR MORE OF THE AFORE MENTIONED ONE THROUGH THIRTEEN GROUND (GROUNDS 1-13) WHICH PRIMARILY DEAL WITH EGREGIOUS AND INJURIOUS DEFECTS IN THIS FEDERAL DISTRICT COURT'S 1998-1999 HABEAS DECISION, SUA SPONTE ACTIONS, JUDGMENT, INTEGRITY, LEGITIMACY, PROCEEDING, THE FOUNDATION OF ITS PRE CUREMENT OF ITS JUDGMENT, DECISION, ORDERS, MAN DATE WITH PREJUDICE DENYING FOREVER # VERY FIRST HABEAS CORPUS COLLATERAL REVIEW AND HABEAS RELIEF IMPREMISSIBLY TO A FIRST TIME HABEA CORPUS PETITIONER (AS TO MISTAKE, INADVERTENCE OR FOR ANY OTHER REASON (ALREADY STATED AND TO BE STATE IN THIS REID'S RULE 60(b) MOTION) JUSTIFYING RELIEF FROM THE OPERATION OF THIS COURT'S SAID 1999 JUDGMENT, RULE 60(b)(6)

24.

IN SOLOMON V. UNITED STATES, 456 F.3rd 928 (6th Cir. 2006) THE SIXTH CIRCUIT HELD:

"PETITIONER WAS NOT SLEEPING ON HIS RIGHT. INSTEAD PETITIONER WAS TAKING STEPS HE BELIEVED WERE NECESSARY TO CRAFT HIS LEGAL MOTION, AS PETITIONER EXPLAINS THAT BASED ON PROCE-DURE FOR FILING MOTIONS FOR HABEAS CORPUS RELIEF PRIOR TO CONGRESS ADOPTION OF A STATUTE OF LIMITATION IN THE AEDPA, HE BELIEVED "HE HAD TIME TO ENHANCE HIS KNOWLEDGE OF THE LAW, WHILE RAISING THE LEVEL OF FORMAL EDUCATION."

"WE DO NOT FAULT PETITIONER FOR ANY DELAY IN PURSUING HIS RIGHTS BASED ON HIS EFFORTS-- OR LACK THEREOF--- BEFORE THE ONE YEAR LIMITATION PERIOD IT WAS ENACTED, AS THE MAGISTRATE JUDGE NOTED IN HIS R&R, PRIOR TO THE ENACTMENT OF THE AEDPA, "A HABEAS PETITIONER COULD FILE AT ANY TIME." IN FACT, BEFORE THE ONE-YEAR LIMITATION WAS ADOPTED, EVEN A TWENTY FIVE YEAR DELAY IN FILING A HABEAS PETITION DID NOT BAR ITS CONSIDERATION PROVIDED THERE WAS NO PREJUDICE TO THE GOVERNMENT FROM THE DELAY SEE E.G., BUCHANON V. MINTZES, 734 F.2d 274, 281 (6th Cir. 1984 (CONCLUDING THAT DELAY OF 25 YEARS IN MOUNTING FEDERAL HABEAS CORPUS CHALLENGE OF GUILTY PLEA DID NOT BAR PETITIONER'S CLAIM WHERE STATE HAD NOT BEEN PREJUDICED IN ITS RESPONSE TO THE CLAIMS) SEE ALSO STRAHAN V. BLACKBURN, 750 F.2d 438, 441-43 etc. (5th Cir 1985) (SURVEYING ALL APPELLATE LEVEL CASES APPLYING FORMER RULE 9(a) OF THE RULES GOVERNING SECTION 2254 CASES, WHICH EMPLOY THE DOCTRINE OF LACHES TO DETERMINE WHETHER A PETITION TO DISMISS PETITIONS WHERE DELAY WAS AS LENGTHY AS TWENTY YEARS see SOLOMON supra. at 934-35

HENCE AS A MATTER OF SAID FACTS (FACTS SIMILIAR TO REED's) AND PREVAILING LAW/NORM/EXPECTATION NOT PREJUDICIAL TO THE GOVERNMENT/ RESPONDENT'S ABILITY TO RESPOND TO THE CLAIMS CHALLENGING THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE JURY'S VERDICT REED's SAID INITIAL 2254 PETITION IS AN APPROPRIATE CASE TO EQUITABLY TOLL THE AEDPA'S STATUTE OF LIMITATIONS,,, THUS THIS DISTRICT COURT'S HANDLING OF REED's INITIAL PETITION AND REQUEST FOR HABEAS RELIEF MADE IN SAID 1999 INITIAL PETITION IS CRUCIALLY WRONG/INCORRECT AND EXTREMELY IMPREMIS-& SIBLE: ITS A EXTRAORDINARY CIRCUMSTANCE BEYOND REED'S

CONTROL i.e. if this Honorable District Court's mis-taken dismissal of Reid's said initial petition sub-stantially prevented Reid (petitioner) in a sufficiently extrodenary way in and since 1999 from asserting his rights under the federal habeas statute (thus Reid's initial petition wasn't time-barred.

(29) This Honorable District Court's impremissable dismissal of Reid's said initial petition has resulted in this Honorable court's mistakenly applying the one-year limentation in dismiss Reid 1999 initial petition with prejudice it to harshly (equitable tolling for "Abuse of discretion) dismissing a §2254 Habeas petition is a particularly serious matter and under the requirement of law and justice must be reversed.

   · In the case at hand a denial of permission for Reid to bring the present claims in the instant 2022 First Habeas petition might implicate the suspension clause, which provides that the privilege of the writ of habeas corpus shall not be suspended, un-less when in case of rebellion or invasion the public safety might require it U.S. const. Art. 1 §9 cl.2 See BRENSON V. VAUGHN 398 F.3d.225,      (3th Cir. 2005)" we have previously held that AEDPA's lamitation on a ability of a inmate right to bring habeas petition may violate the suspension clause if they create an "unreasonable burden" to habeas relief. see RODRIGUEZ V. ARTUZ, 990 F. supp.275, 282 (S.D.N.Y.) 1998) etc.

(30) Denial of habeas relief, in the case at hand, request in 2022 implicates said suspension clause, because it would constitute a complete denial of any collateral review of a claim that arose only after Reid filed his 1998 initial petition (which Reid had no actual knowledge of or had not arisen) such a denial would be analogus to refusing to hear or to consider claims that were errously dismissed as untime-ely in a previous Habeas petition i.e. the instant claims in Reid's said 2022 First petition involve a claim that is not ~~res judicata~~ barred by res judicata, but would never-theless be totally barred from review by an unconstit-tional reading of AEDPA's Gatekeeping provisions.

· 26

OTHER FACTUAL EXCEPTIONAL AND/OR RARE
AND EXTRAORDINARY CIRCUMSTANCES
BEYOND REID'S (THE MOVANT'S) REASONABLE
CONTROL

(31.) A COMBINATION OF PLANNED OR MISTAKEN AMBUSH ACTION
OR MISCONDUCT ACTIONS BY THE FRIENDS OF A OPENLY
WHITE RACIST STATE COURT SYSTEMS INMATES TRAINED
BY THE STATE OF FLORIDA TO BE INMATE LAW CLERKS AND CERTAIN
UNITED STATES [STATE] DISTRICT COURT JUDGES INVOLVED IN
THE SAID 1998-1999 FEDERAL HABEAS PROCEEDINGS AND DELAYS
LEADING UP TO REID FILING HIS SAID FIRST 2254 PETITION AND
THE SAID FILING OF HIS SAID 2022 FEDERAL HABEAS PETITION

(32.) THIS COURT'S SAID SUA SPONTE JUDGMENT OF DISMISSAL,
WITH PREJUDICE, AND WITHOUT REACHING THE MERITS OF THE
CLAIMS RAISED IN REID'S SAID FIRST 2254 PETITION DECE-
IVED REID (WITH SAID INMATES FALSELY ADVISING REID THAT NOT-
HING COULD BE DONE ONCE THIS DISTRICT COURT DISMISSES
A 2254 HABEAS PETITION WITH PREJUDICE) INTO BELIEVING
THAT ALL LITIGATION OF HIS RIGHTS, CLAIM, THE MERITS OF THE CLAIMS
RAISE IN HIS SAID FIRST PETITION, AND HIS SAID FIRST FEDERAL
2254 PETITION AND ATTACKS ON THIS DISTRICT COURT'S SAID
SAID HABEAS JUDGMENT AND THE INTEGRITY OF THIS COURT'S SAID
HABEAS PROCEEDING HAD AFTER REID FILED HIS SAID FIRST FEDERAL
HABEAS PETITION, HAD COME TO AN END, SAID INMATE LAW CLERKS CON-
STANTLY DELIBERATELY OR MISTAKENLONLY FALSELY ADVISES REID AS
TO        1. WHAT HE COULD AND COULD NOT DO ABOUT THIS COURT'S
        SAID JUDGMENT (1999 JUDGMENT)
        2. AND AS TO WHY THIS COURT'S SAID 1999 JUDGMENT WAS
CORRECT, PROPER, LEGITIMATE AND WHY I COULD NOT ATTACK

27

SUCH (ALL LITIGATION WAS CLOSE, AND FIRST FEDERAL CASE AND PROCEEDING UNDER SAID 2254 HABEAS STATUTE WAS CLOSED BY THIS COURT BY THIS COURT'S FINDING/JUDGMENT THAT REID'S SAID FIRST FEDERAL PETITION WAS UNTIMELY UNDER 28 U.S.C.S. 2244(b) AND BECAUSE THIS COURT HAD DISMISS SAID HABEAS PETITION WITH PREJUDICE) SAID INMATE BASICALLY TOLD REID IT WAS OVER FOR HIM AND THAT A LIFE SENTENCE IN FLORIDA MEANT HE WOULD DIE IN PRISON; BEING ACTUALLY AND PERSONALLY CONSTANTLY RAPED, SEXUALLY ASSAULTED, HARASSED AND & COMPLETELY PARALIZED, DYING, COMING BACK, GOING FROM COMPLETE PARALIZATION TO PARTIAL PARALIZATION, MALICIOUS-LY TREATED, DECEIVED, AMBUSHED, FATALLY HARMED, MALICIOUS-LY REGARDED, FALSELY ADVICED AND JUDGED AND FORCED BY SAID WHITE RACIST SEX FIEND INMATES, FLORIDA CORRECTIONS DEPART-MENT OF CORRECTIONS MEDICAL, LAW LIBRARY, SECURITY ADMINISTRATOR EMPLOYEES, OFFICIALS, STAFF AND INMATES AND THIS UNITED STATES DISTRICT COURT JUDGES OF EVERY WHITE AND NONWHITE HUE THESE EXCEPTIONAL CIRCUMSTANCES OR RARE AND EXTRAORDINARY CIRCUMSTANCES HAVE SUBSTANTIALLY PREVENT-ED REID FROM DISCOVERING FED. CIV. P. 60(b), THE INSTANT RULE 60(b) MOTION, HIS RIGHTS UNDER SAID FED. CIV. P. 60(b)(6) TRIG-GER BY THE FAILURE OF A FEDERAL DISTRICT COURT JUDGE'S FAILURE TO CONSIDER THE MERITS OF THE CLAIMS RAISED IN A & STATE PRISONER PRO SE PETITIONER'S FIRST FEDERAL HABEAS PETITION AND HAS SUBSTANTIALLY PREVENT REID FROM PREPARING THE INSTANT SAID MOTION AND FROM ASSERTING HIS SAID FACTUAL AND LEGAL PREDICATES LAW OF THE CASE, EVOLVED FEDERAL LAW OF THE CASE, HIS RIGHTS TO CHALLENGE THIS COURT'S SAID PRIOR JUDGMENTS/ACTION/MIS-CONDUCT/LEGITIMACY/INTEGRITY, ISSUES AND GROUND FOR TO RELIEF FROM THE OPERATION OF THIS COURT SAID 1999

(33) UNDER HAINES V. KERNER; SCHLEA V. COUNTY OF
BRAXTON, 277 F. 3d 701, 707 (2002); ADVANCED ESTIMATING SYS.,
INC. V. RINEY, 77 F. 3d 1322, 1325 (11th CIC 1996); ROSE V. LUNDY,
455 U.S. 509, 520-522 (1982) THIS FEDERAL DISTRICT COURT'S
SAID 1999 FEDERAL HABEAS DECISION, JUDGMENT, PROCEEDING
ORDERS AND HANDLING OF REID'S VERY FIRST 2254 APPLI-
CATION WAS WRONG

(34) PRIOR TO THE ENACTMENT OF THE ANTETERRORISM AND
EFFECTIVE DEATH PENALTY ACT OF 1996, A HABEAS PETITIONER COULD
FILE AT ANY TIME (AN EQUITABLE REASON)
OTHER EQUITABLE FACTS AND REASONS WHY REID'S CASE IS ENTITE TO SAID TOLLING
AND/OR WHY THIS COURT MUST TREAT REID'S SAID 2022 PETITION AS A FIRST PETITION
(_) PRIOR TO REID FILING HIS SAID 1999 FEDERAL HABEAS PETITION
INMATE LAW CLERKS HAD TOLD HIM THAT HE COULD FILE HIS SAID 2254 PET-
ITION AT ANYTIME AND HAD PROVIDED HIM A STANDARD 28 U.S.C.S
2254 FILL ON THE BLANKS FEDERAL HABEAS CORPUS FORM FROM THE
YEAR OF 1995, IN 1995 TO FILL-OUT/PREPARE AND FILE TO CHALL
ENGE HIS CONVICTION/JUDGEMENT OF CONVICTION BUT ONLY AFTER
REID HAD EXHAUSTED ALL OF HIS CLAIMS AT THE STATE LEVEL SAID
INMATE CLERKS HAD ADVISED REID IN 1995 (AN EQUITABLE REASON) AND
SINCE REID'S INCARCERATION HE WAS THEN FACE WITH EVEN MORE HAMPERING
EXCEPTIONAL OR EXTRAORDINARY CIRCUMSTANCES IN ADDITION TO HIS LEARNING
DISABILITIES, IGNORANCE OF THE LAW CONSTANTLY BEYOND REID'S CONTROLL; BEING
A BROWN FLESH MAN CONVICTED OF HARMING A CHILD, MEN SO CONVICTED, ONCE
IN A PRISON POPULATION, THEY ARE THE MOST HATED, SEXUALLY HARASSED, ASS-
AULTED, RAPED, MURDERED, EXPLOITED, DENIED, DEPRIVED OF HUMANE
HELP, RESPECT, CONCERN, IMPORTANCE, PROTECTION, SAFETY, SECURITY, FAM-
ILY, THEIR OWN CHILDREN, THEIR STATE AND FEDERAL RIGHTS, ACCESS TO LEGAL
MATERIAL, ADVOCACY, THE COURTS IN EVERY MEANINGFUL WAY, THEIR REST, HEALTH,
MINDS, BODIES (REID INCLUDED) IS CONSTANTLY DENIED, ASSAULTED, TERRORIZED
FATALLY INJURED, TRAUMATIZED, AND DEVASTATED THEY ARE CONSTANT LIE TO, AMBUSHED
ARE THE VICTIM OF FRAUD, DECEPTION IN THEIR EFFORTS LEARN WHAT THE STATE AND
FEDERAL LAWS ARE, TO BECOME AWARE OF THE STATE AND FEDERAL LAWS, TO
DILIGENTLY ASSERT, INSIST ON, THRUST THEMSELF FORWARD DESPITE THEIR
NIGHTMARE INCARCERATION (MISPRISION) AFTER BECOME AWARE (1) OF SAID
LAWS (2) OF WHAT THE KNOWN FACT MEAN IN RELATION TO THE LAWS AND/OR
THEIR RIGHTS, CLAIMS, CIRCUMSTANCES THEY BECAME AWARE OF 1, 2, 3
DECADES AFTER THEIR CONVICTION OR CASE BECAME FINAL BY THEIR FELLOW
INMATES, CLASSIFICATION OFFICER, CORRECTIONAL OFFICERS, MENTAL HEALTH
WORKERS, MEDICAL WORKERS, PRISON OFFICIAL AND THEIR CO-WORKERS AND A
WHITE RACIST FLORIDA LEGAL SYSTEM (AN EQUITABLE REASON)

39

MERITS

(35) THIS COURT DID NOT ADJUDICATE ANY OF SAID CLAIMS NOR THE CLAIM'S MERITS PRESENTED IN READ'S SAID FIRST HABEAS CORPUS PETITION.

1. THIS COURT REFUSED TO EXAMINE OR REJECTED EXAMINATION OF SAID CLAIMS AND MERITS PRESENTED IN (ERRONEOUSLY REFUSED OR REJECTED) READ SAID 1998 FIRST HABEAS PETITION.

2. THIS COURT REFUSED TO CONSIDER GRANTING OR ERRONEOUSLY FAILED TO GRANT SAID CLAIMS AND MERITS PRESENTED IN READ SAID FIRST 28 U.S.C.§ 2254 PETITION, "A HEARING."

3. THIS COURT DISMISSED READ'S SAID FIRST FEDERAL PETITION WITH PREJUDICE AS UNTIMELY UNDER THE AFOREMENTIONED RARE AND EXTRAORDINARY CIRCUMSTANCES PURSUANT TO STEWART V. MARTINEZ-VILLAREAL, 523 U.S. 637 (1998); HAINES V. KERNER, 404 U.S. 519, 520 (1972); HILL V. BRAXTON, 277 F.3d 701, 707 (2002) SLACK V. McDANIEL, 509 U.S. 473 (2000); ROSE V. LUNDY, 455 U.S. 509, 520-522 (1982).

(A) READ'S FIRST SAID 2254 HABEAS PETITION IS CERTAINLY NOT AN "APPLICATION" OR CERTAINLY WASN'T HANDLED BY THIS COURT AS A 28 U.S.C.§ 2254 APPLICATION, SO NO FUTURE "APPLICATION COULD BE NOR SHOULD BE TREATED NOR CONSIDERED BY THIS DISTRICT COURT

(B) 28 U.S.C.§ 2254 RULE 9(b) COULD NOT BE READ TO PERMIT DISMISSAL OF A SUBSEQUENT PETITION CONTAINING PREVIOUSLY UNEXHAUSTED CLAIMS WHEN A PRISONER'S ORIGINAL HABEAS PETITION IS DISMISSED WITHOUT ANY EXAMINATION OF ITS CLAIMS OR MERITS, AND WHEN THE PRISONER LATER BRING A SECOND PETITION BASED ON etc., PREVIOUS' {CLAIMS THAT HAD EARLIER BEEN REFUSED A HEARING THEN THE REMEDY OF DISMISSAL etc. CANNOT BE EMPLOYED AGAINST THE SECOND PETITION

(c) READ ARGUES THAT ON HIS 2022 RETURN TO THIS FEDERAL DISTRICT COURT SAID AUTHORITIES OBLIGES THIS COURT TO TREAT READ'S SAID FIRST PETITION AS IF IT HAD NOT BEEN FILED.

30

(36) THIS DISTRICT COURT'S SAID 1998-1999 PROCEEDING (HABBAS PROCEEDING) HABBAS DECISIONS, JUDGMENT, ORDERS WERE WRONG BECAUSE OF THE SUPREME COURT OF THE UNITED STATES' FEDERAL HABEAS STATUTE REASONING - RELEASED DECISION IN Solomon supra, at 934-35; Butz v. Mendoza-Power, 474 F.3d 1193 (9th Cir. 2004); James v. Walsh, F.3d 162, (2nd Cir. 2002); William v. Taylor, 529 US 362 (2000); Slack v. McDaniel 529 us, 473 (2000); Rose v. Lundy, 455 u.s. 509, 520-522 (1982); Haines v. Kerner, 404 u.s. 519, 520 (1972); Stewart v. Martinez-Villareal, 523 u.s. 637 (1998)

37    REED ASSERTS AND ARGUE THAT HIS SAID FIRST 2254 PETITION WAS DIS-MISSED UNDER (FOR RARE AND EXTRAORDINARY CIRCUMSTANCE BEYOND HIS CONTROLL AND AMOUNTS TO THIS FEDERAL DISTRICT COURT ABUSING ITS BROAD DISCRETION:

    (1) TO REFUSE TO TREAT / HANDLE THE FIRST SAID 2254 HABEAS APPLICATION PRESENT BY REED AS A [FIRST] APPLICATION FROM 1998 THROUGH 1999, AND SINCE 1999

    (2) TO REFUSE TO ALLOW REED TO LITIGATE ANY OF THE FED-ERAL CLAIMS AND RIGHT AND CLEARLY ESTABLISHED FEDERAL LAW RAISED IN HIS SAID 1998 PETITION

    (3) TO REFUSE TO HEAR ANY OF THE SAID RIGHTS, CLAIMS, LAWS RAISED IN REED'S SAID FIRST PETITION (PROVIDED REED AND THE STATE ABSOLUTELY NO OPPORTUNITY NOR NOTICE TO RESPOND, TO GIVE THEIR RESPECTIVE INPUT)

    (4) TO REFUSE TO / FAIL TO BALANCE THE RESPONDENT'S INTER-EST IN COMITY   AND JUDICIAL ECONOMY WITH THE PETITIONER'S INTEREST IN JUSTICE

    (5) TO REFUSE/FAIL TO EQUITABLY TOLL AEDPA'S ONE YEAR LIMITATION FILING REQUIREMENT SINCE REED FILED HIS SAID FIRST 2254 PETITION ONE YEAR AFTER THE SAID ONE YEAR LIMITATION HAD EXPIRED AND BECAUSE THIS ONE YEAR DELAY DID NOT PREJUDICE THE STATE

31

(6) TO & UNINFORMLY DECIDE TO RAISE (AEDPA'S ONE YEAR STATUTE OF LIMITATION) A AFFIRMATIVE DEFENCE OF PROCEDURAL BAR sua sponte AND "UNINFORMEDLY" APPLY IT TO REED'S 1. LEGALLY INSUFFICIENT EVIDENCE CLAIM 2. INEFFECTIVE ASSISTENCE COUNSEL CLAIM 3. UNCONSTITUTIONAL JURY CLAIM 4. JURY MISCONDUCT CLAIM 5. STRONG SHOWING OF PROOF OF FACTUAL INNOCENCE CLAIM 6. REED IS ENTITLED TO THE GRANT OF A MOTION FOR JUDGMENT OF ACQUITTAL CLAIM 7. REED IS ENTITLE TO BE EXERNARATED CLAIM 8. THE STATE FAILED TO PROVE THAT THE CHARGE OFFENSE ACTUAL/FACTUAL OCCURRED AT ALL TIME ON NOR BEFORE AUGUST 1st, 1987 BEYOND A REASONABLE DOUBT CLAIM 9. THE STATE FAILED TO ACTUAL/FACTUALLY PROVE (OFFER A SUFFICIENT FACTUAL BASIS FOR PROOF OF THE IDENTITY OF THE ABUSER AND THE NUMBER OF VICTIM, THE LOCATION FOR THE CRIME SCENE, DIRECT AND/OR CIRCUMSTANTIAL PHYSICAL EVIDENCE OF THE OFFENSES CHARGED, AND AS TO WHEN THE OFFENSE CHARGED ALLEGEDLY OCCURRED AND A LINK BETWEEN REED AND THE THREE VICTIMS ALLEGED OR IDENTIFIED ONLY BY THE ALLEGED VICTIM LAKEOSHA ELAM) OF GUILT BEYOND A REASONABLE DOUBT "CLAIM" RAISED IN REED'S SAID FIRST 2254 PETITION (CLAIM(S) FOR RELIEF)

(7) TO REFUSE TO/TO FAIL TO GIVE REED AND THE STATE NOTICE THAT THIS DISTRICT COURT WAS AS GOING TO CONSIDER SAID PROCEDURAL BAR (REED'S SAID FIRST 2254 PETITION AS UNTIMELY FILED, ALONE) FOR DISMISS THE PETITION WITH PREJUDICE sua sponte WHICH MUST BE, BUT WASN'T, FIRST ASSERTTED BY THE STATE, BEFORE THE STATE RESPOND TO REED'S SAID FIRST PETITION

(8) TO DISMISS REED SAID FIRST/INITIAL 1998 PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 IMPROPERLY sua sponte AND WITH PREJUDICE AND WITHOUT REACHING/ADJUDICATING ANY OF THE CLAIMS OR MERITS OF ANY OF THE CLAIMS PRESENTED THEREIN

(9) PREVENT REED FROM GIVING HIS INPUT THAT HE HAD NOT

BEEN TOLD BY ANYONE THAT A FEDERAL HABEAS PETITION UNDER 28 U.S.C.'S 2254 COULD BE FILED AT ANY TIME, THERE WAS NO TIME LIMITATION FOR FILING SAID PETITION; AND THAT AT THE TIME HE FILED HIS SAID FIRST 2254 PETITION HE SUBSTANTIALLY SUFFERED FROM A LONG TERM GENERATION LEARNING DISABILITY, WAS TAKEN IN LAW, COULD NOT AFFORD AN ATTORNEY, WAS TERRIFIED OF THE PRISON OFFICIALS, STAFF, EMPLOYEE'S AND INMATES, WAS COMPLETELY RELEVANT AND DEPENDANT ON THE ADVICE HE GOT FROM THE INMATE LAW CLERK, WAS AWARE THAT SAID LAW CLERK HAD MISLED HIM ABOUT THE FILING REQUIREMENTS, THE FACTS, THE ISSUES, GROUNDS, THE LAW, THE ACTUAL SIGNIFICANCE AND/OR CONTROLLING VALIDITY AND NO CHANGES IN THESE, THE TIMELINESS OF A STATE AND FEDERAL MOTIONS AND/OR PETITION TO INACCURACIES OR UNINTENTIONAL PREVENT ME FROM TIMELY FILING MY MOTIONS AND PETITION (AT THE STATE AND FEDERAL COURT LEVELS, RESPECTIVELY, READ WAS FOLLOW SAID ADVICE AND GUIDANCE HE RECEIVED FROM SAID LAW CLERK UNTILL HE, THROUGH HIS OWN EFFORT TO LEARN WHAT THE RELEVANT LAW SAID OR MEANT ONCE HE WAS ABLE AFTER YEARS OR DECADES TO DISCOVER OR BECOME AWARE OF SUCH RELEVANT STATE AND FEDERAL LAWS RELATING TO THE FACTS AND WHAT GROUND TO RAISE AND ASSERT AND WHY THE PROPER VEHICLE TO PRESENT MY (READS) CLAIMS AND ISSUES IN, WHAT AND WHY TO OR NOT TO PRESENT A CLAIM OR ISSUE OR A PARTICULAR VEHICLE (MOTION OR PETITION) AND WHEN A PARTICULAR VEHICLE SHOULD BE FILED AND WHY THIS IS SO THUS THROUGH NO FAULT OF READ'S SAID CIRCUMSTANCES MADE IT IMPOSSIBLE FOR READ TO HAVE BEEN AWARE OF THE ENACTMENT OF THE AEDPA RULE AND IT'S SAID FILING REQUIREMENT WHICK MADE IT IMPOSSIBLE FOR READ TO TIMELY FILE HIS SAID FIRST 2254 PETITION; THAT THE NATURE OF MOST OF READ'S CLAIMS, RAISED IN HIS SAID FIRST PETITION ( (A) THE CONVICTION OF A INNOCENT MAN (B) THE RISK IS TO G OF CONVICTING AND INNOCENT MAN IS TO GREAT IN READ'S CASE. (C) READ IS TOTALLY FACTUALLY INNOCENT (D) A CONSTITUTIONAL VIOLATION HAS PROBABLY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT), RENDER'S IT OR THEM EXEMPT FROM AEDPA'S SAID PROCEDURAL BAR OR OVERRIDES AEDPA'S RULE BEING TRUMPED BY THE HABEAS STATUTE.

(37) REID HUB Humbly URGE THIS HONORABLE DISTRICT COURT TO CONSIDER (SAID DELAYS AND JUDGMENTS UNDER ATTACK IN REID SAID CURRENT PETITION INCLUDES THIS COURT'S SAID 1999 JUDGMENT/DECISION IMPROPERLY DISMISSING REID'S SAID FIRST FEDERAL HABEAS PETITION HENCE WHICH COULD NOT HAVE AND SHOULD NOT HAVE BE RAISED (A CLAIM) IN REID'S FIRST FEDERAL PETITION FILE IN 1998 BECAUSE THIS COURT ENTERED OR PRECLURED ITS JUDGMENT UNDER ATTACK IN REID's CURRENT 2254 PETITION, ON SAID DEF-ECTIVE FOUNDATION (ILLEGITIMATE FOUNDATION) UNTILL 1999 i.e. IS REID'S FIRST ATTACK TO/AGAINST THIS COURT'S SAID 1999 HABEAS JUDGMENT) THAT THIS COURT HAS JURISDICTION OVER REID's CURRENT 2254 PETITION (1) BECAUSE REID's SAID CURRENT 2254 PETITION UNDER SAID PREDICATE FACTS, A PRINCIPLE AND FEDERAL LAW/CONST-ITIONAL RULE, NEW RELIABLE EVIDENCE, EXCUSIBLE NEGLECT, EXEMPTIONS, EXCEPTIONS, APPROPRIATE EQUITABLE TOLL-ING   (2) REID's SAID CURRENT PETITION IS NOT A SECOND OR SUCCESSIVE PETITION (3) BECAUSE THIS DISTRICT COURT IMPROPERLY DISMISS BOTH REID's FIRST AND CURRENT PET-ITION AND THEN FAILED TO TREAT REID's CURRENT PETITION FILED 2022, AS A FIRST PETITION (AS TO REID's SAID NEW CLAIMS AND JUDGMENT UNDER ATTACK ENTERED BY THIS COURT AND SECOND AS TO SAID ERRONEOUSLY DISMISSED CLAIMS AND ATTACKS/CHALLENGES UPON SAID JUDGMENT OF CONVIC-TION RAISE IN REID SAID FIRST 2254 PETITION FILED IN 1998 AND REID ALSO URGE THIS HONORABLE DISTRICT COURT TO HOLD THAT TO HOLD OTHERWISE (BECAUSE REID's SAID FIRST 2254 PETITION DID NOT RECEIVE AN ADJUDICATION OF SAID CLAIMS :

  TO HOLD OTHERWISE WOULD MEAN THAT A DISMISSAL OF THE FIRST PETITION FOR [A] TECHNICAL PROCEDURAL REASONS HAVING NOTHING TO DO WITH THE CLAIMS' MERITS WOULD BAR REID FROM EVER OBTAINING FEDERAL HABEAS REVIEW AND RELIEF

(38) SAID 1999 DISTRICT COURT JUDGES SAID HANDLING OF TREATMENT OF REID's SAID 1998 28 U.S.C. 2254 PETITION THAT IS REID's SAID REQUEST FOR HABEAS RELIEF CONTRARY TO see STEWART supra AT                                          HARRIES supra at
                    Hill supra at                        SLACK supra 529 u.s.
    at                Rose supra 455 u.s. at

WAS NOT CORRECT/WAS WRONG/WAS THE RESULT OF INTENTIONAL OR INADVERTENT FRAUD, FRAUD, AMBUSH OR MISCONDUCT/WAS A MISTAKE WHICH WASN'T BASED ON ANY CONCEPTION NOR CONSIDERATION REGARDING THE MERITS OF REID's CLAIMS

5.) REID ARGUES THAT THE AIM OF THIS HIS RULE 60(b) MOTION IS TO ALLOW THIS DISTRICT COURT TO GRANT RELIEF IN THIS CASE SINCE APPARENTLY ITS SAID DECISION AND/OR JUDGMENT TO HANDLE REID's SAID 2022 FEDERAL HABEAS PETITION AND REQUEST FOR HABEAS RELIEF NOT AS REID's FIRST HABEAS PETITION BUT AS A SUCCESSIVE PETITION RESTS, AS A MATTER OF SAID FEDERAL LAW, ON AN OBVIOUSLY EXTREMELY/IMPERMISSIBLY DEFECTIVE IVE FOUNDATION OF SAID 1999's IMPERMISSIBLY DEFECTIVE IMPROPER (1) HABEAS PROCEEDING (2) HABEA DISMISSAL ORDER AND JUDGMENT (3) sua sponte RAISE AND DECIDING OF SAID AFFIRMATIVE DEFENSE BY SAID PREVIOUS DISTRICT COURT JUDGE WHO TOO DID NOT CONSIDER [DECIDED, IMPROPERLY, NOT TO CONSIDER] NOR RULE ON NOR HEAR THE MERITS OF REID's 1998 CLAIMS AND SINCE AS A MATTER OF SAID FEDERAL LAW AS DETERMINED BY FEDERAL APPELLATE COURTS" IT WAS PROPER TO TOLL THE STATUTE OF LIMITATION FOR THE PERIOD FROM THE SAID 1999 DISMISSAL OF REID 1998 (FIRST) 2254 FEDERAL HABEAS PETITION UNTILL THE FILING OF REID SAID 2022 (SECOND) HABEAS PETITION, TO TREAT REID's SUBSEQUENT & SAID 2022 (SECOND) HABEAS PETITION, TO TREAT REID's SAID 1998 HABEA PETITION AS IF IT HAD NOT BEEN FILED AND HIS 2022 AS REID's FIRST FEDERAL HABEAS PETITION

AND/OR 2022 HABEAS JUDGMENTS PRESENTED IN THE IN-
STANT RULE 60(b)(6) MOTION  SINCE THIS COURT ENTER-
ING SAID 1999 JUDGMENT OF DISMISSAL, AND 2022 JUDG-
MENT OF DISMISSAL UNDER ATTACK IN THE INSTANT MOTION
AND AT THE TIME REID WAS PREPARING HIS SAID SUBSEQU-
ENT 2254 PETITION WHICH REID FILED IN 2022 AND
EITHER OF THE SAID CIRCUMSTANCES CLEARLY CONSTITUTES
SUBSTANTIAL DELAY IN FILING THE INSTANT MOTION
THAT TOTALLY BEYOND REID'S REASONABLE CONTROLL

6.) REID ARGUES THAT ALL OF THE AFOREMENTIONED FAC-ALLEGED
FACTS, EXCEPTIONAL CIRCUMSTANCES, RARE AND EXTRAORDINARY
CIRCUMSTANCES (REASONS) ARE SUFFICIENT ALLEGED EXPLAIN-
ATIONS FOR THE MORE THAN TWO DECADE DELAY IN FILING THE
INSTANT MOTION AND FOR WHY, THROUGH NO FAULT OF REID'S
SAID DELAY OCCURRED IN THIS CASE THAT/WHICH SATISFIES
REID BURDEN OF SHOWING THAT HE WAS SUFFICIENTLY DILIGENT
IN PURSUING HIS CASE AND THAT THE INSTANT RULE 60(b)
MOTION IS FILED WITHIN A REASONABLE TIME

7.) REID ARGUES THAT BECAUSE THIS UNITED STATES DIS-
TRICT DID NOT CONSIDER THE MERITS OF THE CLAIMS RAISED IN REID'S
SAID FIRST 28 U.S.C.S. 2254 FEDERAL HABEAS PETITION, REID
(THE PETITIONER IN HIS SAID FEDERAL HA- HABER CASE/PETITION) IS
ENTITLE TO FILE THE INSTANT & FED R. CIV. P. 60(b)(1)(2)(3)(6) MOTION
WITHOUT OBTAINING PRIOR AUTHORIZATION FROM THE ELEVENT CIRCU-
IT COURT OF APPEALS PURSUANT TO 28 U.S.C.S 2244(b)(3)(A),,, TO
REQUEST THIS HONORABLE DISTRICT COURT JUDGE TO

1. VACATE BOTH THE SAID 1999 AND 2022 JUDGMENTS
ENTERED BY THIS DISTRICT COURT IN REID'S SAID FEDERAL HABEAS

36

2022 FEDERAL HABEAS PETITIONS (8) AND THIS FEDERAL DISTRICT COURTS ERRONEOUS AND IMPROPER FAILURE TO TREAT REID's SAID 2022 FEDERAL HABEAS PETITION (REID's RETURN TO THE FEDERAL COURT ON EXHAUSTED CLAIMS OF ACTUAL FACTUAL INNOCENT GATEWAY CLAIM) AS A FIRST FEDERAL HABEAS PETITION CONSTITUTES A VIOLATION OF SAID SUSPENSION CLAUSE ACT                                    AND (9)

THIS COURTS FAILURE TO BALANCE THE FEDERAL INTEREST IN COMITY AND JUDICIAL ECONOMY "AGAINST" REID's ACTUAL FACTUAL INNOCENCE OR HIS PROOF OF HIS FACTUAL INNOCENT AND HIS INTEREST IN JUSTICE, 7J CONSTITUTES SUFFICIENTLY STRONG AND CONVINCING "REASONS" OR A SUFFICIENTLY STRONG AND CONVINCING REASON JUSTIFYING RELIEF FROM THE OPERATION OF THIS SAID DISTRICT COURT'S SAID 1999 JUDGMENT AND/OR THIS COURTS SAID 2022 JUDGMENT OF DISMISSAL


8) REID ARGUES THAT SINCE THIS FEDERAL DISTRICT COURT DISMISSED WITH PREJUDICE REID's SAID FIRST PETITION FOR WRIT OF HABEAS CORPUS   · UNDER 28 U.S.C.S. 2254 WITH REACHING THE MERITS OF THE CLAIM RAISED THEREIN, REID MAY SEEK RELIEF FROM SAID 1999 JUDGMENT THROUGH THE INSTANT MOTION UNDER Fed. R. Civ. P. 60(b) BECAUSE SUCH A MOTION IS NOT THE EQUIVALENT OF A SECOND OR SUCCESSIVE PETITION UNDER THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 28 U.S.C.S. 2244(b)(3)(A)

(39) AS REQUIRED BY THE DISTRICT COURT RULE, SAID 1999 INITIAL PETITION (§2254 PETITION) FILED IN THE CASE AT HAND, WAS A STANDARD GOVERNMENT FORM, REID RESPONDED TO ALL OF THE QUESTIONS ON THE SAID FORM BUT IT DID NOT ASK REID TO SUPPLY INFORMATION ABOUT THE TIMELINESS OF HIS SAID 1999 INITIAL APPLICATION.

& AT THE TIME REID PREPARED OR ANSWERED SAID QUESTION OF SAID FORM HE WAS TOTALLY DEPENDANT ON THE ASSISTANCE, ADVICE AND DECISIONS HE SOUGHT OUT FROM INMATE LAW CLERKS WHO TOOK PLEASURE FROM THEIR ABILITIES TO MISINFORM HIM AND/OR NOT FULLY INFORM HIM AS IF THEY HAD PROVIDED REID ALL THERE WAS TO KNOW AS TO WHAT REID SHOULD OR SHOULD NOT DO NEXT IN HIS CRIMINAL CASE AT THE STATE AND FEDERAL LEVELS BECAUSE REID WASN'T A SEASONED PRACTITIONER AT THAT TIME HE WAS NOT AWARE AND NOR DID HE BELIEVE SAID INMATES WOULD NOR HAD FAILED TO INFORM HIM ABOUT TIME LIMITATIONS AND CHANGES IN THE §2254 PETITION FILING (THAT A TIME LIMITATION HAD BEEN ADDED TO SUCH) ---

(40) THIS HONORABLE DISTRICT COURT, ACTING SUA SPONTE, CONCLUDE MISTAKENLY FROM THE FACE OF REID'S 1999 §2254 PETITION THAT REID'S (PETITIONER'S) 28 U.S.C. § 2254 CLAIMS WERE BARRED BY THE ONE YEAR LIMITATION PERIOD OF 28 U.S.C. § 2244 (b) AND THE COURT DISMISSED THE SAID INITIAL ACTION WITHOUT (1) AFFORDING REID A WARNING THAT HIS SAID INITIAL §2254 PETITION WAS ENDANGER OF BEING SUBJECTED TO DISMISSAL (2) AFFORDING REID NOTICE OR AN OPPORTUNITY TO BE HEARD (3) WITHOUT ORDERING THE RESPON- DENT TO RESPOND TO SAID INITIAL PETITIONS CONSTITUTIONAL CLAIMS NOR & UNRESOLVED CONSTITUTIONAL MATERIAL QUEST- ION OF LAW AND FACT NOT SUBJECTED TO A PERSUMPTION OF CORRECTNESS...

38

(41) AT AND SINCE THE TIME REID FILED HIS SAID 1998 PETITION REID WAS:

(A) IGNORANT OF FED. R. CIV. P. 60(b) MOTION

(B) IGNORANT OF THE FILING REQUIREMENT OF SAID RULE 60(b) MOTION

(C) IGNORANT OF HIS FEDERAL RIGHTS (FEDERAL CASE LAW) OR THE FEDERAL CONSTITUTIONAL RULE AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES THAT "WHEN A DISTRICT COURT DISMISSES WITH PREJUDICE A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. 2254 WITHOUT REACHING THE MERITS OF THE CLAIMS THEREIN, THE PETITIONER MAY SEEK RELIEF FROM JUDGMENT THROUGH A MOTION UNDER FED. R. CIV. P. RULE 60(b) MOTION CHALLENGING THE DISMISSAL BECAUSE SUCH A MOTION IS NOT A SECOND OR SUCCESSIVE PETITION UNDER THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 28 U.S.C. 2244(b)(3)(A) etc. etc AND UNDER SUCH CIR-CUMSTANCES A PETITIONER MAY FILE A RULE 60(b) MOTION WITH-OUT OBTAINING PRIOR AUTHORIZATION FROM THE APPEALS COURT UNDER 28 U.S.C. 2244(b)(3)(A) BECAUSE THE DISTRICT COURT DID NOT CONSIDER THE MERITS OF THE CLAIMS RAISED IN THE FIRST PETITION see GONZALEZ V. CROSBY, 545 U.S. 524 (2005)

(42) REID's ALLEGATIONS i.e. ANSWERS/PERSONAL FACTS/REASONS EXPLANATION AS TO THE TIMELINESS OF FIRST AND/OR CURRENT 2022 FILED FEDERAL PETITION RESTS ON CHALLENGES/ATTACKS ON THIS DIS-TRICT COURT'S SAID 1999 DISMISSAL ORDER TO A CHALLENGE/ATTACKS ON THIS COURT'S SAID 1999 HABEAS JUDGMENT OF DISMISSAL OF REID's SAID PETITION AND CLAIM TO ADVANCE WHITE RACISTS AND A WHITE RACIST STATE WHICH RAISES OR STRONG-LY INDICATES QUESTIONS AS TO THE LEGITIMACY, LAWFULNESS, CORRECTNESS, FAIRNESS, INTEGRITY, POSITION, REPUTATION OF THIS COURT'S CONDUCT, HABEAS JUDGMENT AND PROCEEDINGS

39

(43) REID WAS DECEIVED BY THIS COURT'S 1999 ORDER DISMISSING HIS SAID FIRST 2254 HABEAS PETITION AND CLAIMS IN SAID PETITION WITH PREJUDICE! INMATES INFORMED REID THAT NO APPEAL COULD BE TAKEN ONCE A FEDERAL DISTRICT COURT DISMISSES A 2254 HABEAS PETITION WITH PREJUDICE !!! AT THE TIME AND FOR DECADES SINCE REID FILED HIS FIRST PETITION (AND DESPITE REID DILIGENTLY PURSUE-ING HIS CASE IN THE STATE COURTS AND RESEARCHING THE SAME ALWAYS UNDER MULTIPLE EXTRAORDINARY CIRCUMSTANCES BEYOND REID'S CONTROL .. ;(SUCH AS HIS INABILITY TO HIRE A LAWYER TO PURSUE, RESEARCH, AND LITIGATE AS WELL AS INVESTIGATE HIS CASE FEDERAL RIGHTS AND CLAIM AND SAID THIS COURT'S 1999 JUDGMENT OF DISMISSAL WITH PREJUDICE, THE REFUSAL OF MULTIPLE LAW-YERS AND LEGAL AGENCIES TO ACCEPT AND TO PURSUE HIS CASE AND THIS COURT'S SAID JUDGMENT OF SAID 1999 DISMISSAL ORDER, SAID CONSTANT DELAYS TO ENHANCING HIS KNOWLEDGE AS TO THE FACTS OF HIS CASE, THE SPECIFIC OUT COME OF HIS CASE AS DICTATED BY THE FACT IN HIS CASE PURSUANT HIS FEDERAL RIGHTS, INTERVENING CHANGES IN THE LAW (FEDERAL LAW) THROUGH BEING UNWANTEDLY HAMPERED BY THE PRISON OFFICIALS' AND BY THE INMATE LAW CLERKS. IGNORANCE, NEGLIGENCE, KNOWING AND DELIBERATE DECEPTION, PHYSICAL ASSAULTS, RAPES SEXUAL ASSAULTS, AGGRESSIVE HOSTILITIES, CONFINEMENT PARALYZING PHYSICAL INJURIES, ENDLESS RAPES AND OTHER PHYSICAL — SEXUAL — WHITE RACIST SEX FIEND ATTACKS (EXTRAORDINARY CIRCUMSTANCES) IMPEDING REID'S ACCESS TO THE LAW LIBRARY AND ITS MATERIALS i.e. ACCESS TO THE FEDERAL COURTS AND REID'S OWN MENTAL STATE EXTREMELY ALTERED, DAMAGED BY THE TERROR, UNENDING WAR CRIMES, AND DEMONIC EXPECTATIONS AND EXAMPLES OF THE WHITE RACIST SEX FIENDS OF HIS UNWANTED COLLECTIVE AND PERSONAL EXPERIENCES AND THE FRAUD COMMITTED BY THIS COURT DECIDING TO GAIN BARRING THE CLAIMS AND MERITS PRESENTED AND REID FROM EVER OBTAINING FEDERAL HABEAS REVIEW BASED ON THIS COURT'S SAID MISTAKEN/UNLAWFUL/DISHONEST/ILLEG-

46.

ITIMATE (WHITE RACIST) /DEFECTIVE FOUNDATION FOR PRECLUDING ITS SAID 1999 JUDGMENT WHICH IS BASED SOLELY ON (A) SAID ERR OF RAISING AND DECIDING SAID AFFIRMATIVE DEFENSE SUA SPONTE AND (B) BASED ONLY ON SAID TECHNICAL PROCEDURAL BAR REASON (THAT IS NOT ABSOLUTE NOR AUTOMATIC BUT WAS SUBJECTED TO JUDICIAL TOLLING FOR EXTRAORDINARY CIRCUMSTANCES BEYOND A PETITIONER'S CONTROL (ACCORDING TO THE FEDERAL LAWS AND RIGHTS OF A PETITIONER AT THE TIME HE FILED HIS OR HER FIRST 28 U.S.C. 2254 HABEAS PETITION SINCE THE INACTMENT OF AEDPA'S SAID ONE YEAR STATUTE OF LIMITATION WHICH HAS NOTHING TO DO WITH THE CLAIMS' MERITS

(44) BUT WHEN REID BECAME AWARE OF SAID FEDERAL RULES AND LAWS THE FACTS OF /IN HIS CASE AS TO WHAT THEIR TOTAL ACTUALITY DICTATED AND/OR CONSTITUTED PURSUANT TO SAID FEDERAL LAWS, RULES, REQUIRED MENTS, HIS SAID RIGHTS, ENTITLEMENT TO SAID TOLLING, EXCEPTIONS, EXCUSING, EXEMPTIONS, FEDERAL CLAIMS, FEDERAL DISTRICT COURT'S HABEAS CORPUS REVIEW AND RELIEF OF HIS FIRST SAID 2254 HABEAS PETITION REID WAS ENTITLED TO AND WAS ENTITLED TO ASSERT, DEMAND, LITIGATE, BE HEARD ON, MERITS REACHED AND TO BENIFIT FROM AND HAVE WEIGHED FAIRLY ACCURATELY, IMPARTIALLY, AND LEGITIMATELY (LAWFULLY) AGAINST THE INTEREST OF THE RESPONDENT, REID SET TO WORK PREPARING MOTIONS AND PETITION HE BELIEVE WAS NECESSARY TO EXHAUST HIS FEDERAL CLAIM, RIGHTS, ISSUES AND QUESTIONS OF FACTS AND LAW AND TO EXHAUST ALL AVAILABLE STATE REMEDIES (REID DILIGENTLY PURSUED HIS FEDERAL CLAIMS, RIGHTS AND HIS CASE AS HE BELIEVED WAS NECESSARY TO FILE HIS SAID SUBSEQUENT  2254 HABEAS PETITION IN 2022

(45) REID DILIGENTLY PURSUED HIS RIGHTS UNDER SAID CIRCUMST-
ANCES PREVAILING IN FLORIDA'S PRISONS WHERE HE WAS IN-
CARCERATED ONCE HE BECAME AWARE OF THE AEDPA'S STATUTE
OF LIMITATION, HE STARTED MAKING DAY AND NIGHT EFFORTS TO
KNOW WHAT THE AEDPA'S STATUTE OF LIMITATION MEANT AND
WHAT COULD BE DONE IN HIS FAVOR TO DEFEAT IT, EXCUSE IT.
BECAUSE HE WAS IGNORANT AND A LAYMAN TOTALLY ON HIS OWN
AND COULD NOT EXPECT NOTHING FROM THE INMATE CLERK BUT FALSE
ADVISE AND COULD NEVER OBTAIN OUTSIDE PRO-BONO LEGAL
HELP AND ADVOCACY REID, FOR A DECADE HAD BELIEVE THAT ALL
LITIGATION IN THE FEDERAL DISTRICT COURT HAD ENDED FOR HIM
UNTIL HE BECAME AWARE - DECADES SINCE 1999 - THAT SAID
DISTRICT COURT JUDGE'S DECISION, HABEAS CORPUS JUDGMENT
IS CRUCIALLY DEFECTIVE, ITS PRECLUDED OF SAID JUDGMENT
CRUCIALLY DEFECTIVE, TOTALLY LACK FAIRNESS, INTEGRITY, APPA-
ROPRIATENESS AND DUE PROCESS (WAS BASED ON INTENTIONAL OR
INADVERDENT FRAUD AND AMBUSH AND TO OVERLY HARSH ON REID'S
ABILITY TO BRING HABEAS PETITIONS AND THAT FOR A DISTRICT
COURT TO DECIDE TO AND ACTUAL DISMISS A FEDERAL HABEAS
PETITION AS UNTIMELY, ALONE (WITHOUT REACHING AND
RULING ON REID FEDERAL CONST THE MERITS OF REID'S
CONSTITUTIONAL CLAIMS WAS ERR (CRUCIALLY IMPROPER)
HENCE THE 1999 DISMISSAL OF REID'S SAID 1998 FEDERAL PETITION
WAS IMPROPER (THE 1999 HABEAS PROCEEDING LACK INTEGRITY
AND IS VOID) HENCE THE PRECLUDED 1999 JUDGMENT IS VOID,
BY THE SAID DEFECTIVE FOUNDATION OF SAID DISTRICT COURT'S
FATALLY AND INJURIOUS NOT INFORM AND UNBALANCED DECISION
(IT HIS OR HER SAID 1999 SUA SPONTE DECISION) WHICH REID
ONLY BECAME AWARE OF AFTER HE RECEIVED THIS COURT APRIL 2022
ORDER AND JUDGMENT DISMISSING REID'S SAID FIRST FEDERAL
HABEAS PETITION AS A MATTER OF INTERVENING FEDERAL LAW AS
DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.

(46) AT THE TIME REID FILED HIS SAID 1998 FEDERAL HABEAS PETITION? REID WAS SUFFERING FROM MAJOR LEARNING DIS-ABILITIES IN HIS EFFORTS AT BEING AWARE OF SAID LAWS.

(18) REID WAS UNAWARE OF (IGNORANT OF) SAID 28 U.S.C.S 2244 AND ITS SAID FILING REQUIRAEMET (SAID FILING REQUIREMENT WASN'T ABSOLUTE NOR AUTOMATICALLY APPLIABLE i.e. IT WAS EQUAL EQUITABLY TOLLING/TOLLABLE)

(47) REID LACK NOTICE OF SAID AEDPA's ONE YEAR STATUTE OF LIMITATIONS (REID ON BECAME AWARE OF SAID FILING REQUIREMENT AFTER HE HAD FILED HIS SAID 28 U.S.C.S. 2254 FEDERAL PETITION, AND ONLY BECAUSE THE 1998 DISTRICT COURT JUDGE WHOM REID SAID 1998 PETITION HAD BEEN ASSIGHED, IN 1999 DECIDED TO AND RAISED AEDPA's STATUTE OF LIMITATION AFFORMATIVE DEFENSE ON HIS SAID OR HER OWN - (REASON WHY REID'S SAID 1998 REQUEST FOR HABEAS RELIEF WAS IMPROPERLY DISMISSED) EQUITABLE REASONS:
1. WITHOUT FIRST GIVING REID NOTICE NOR WHARNING THAT HE OR SHE WOULD SO DO
2. WITHOUT GIVING REID PERMISSION NOR OPPORTUNITY TO LITIGATE THE FILING REQUIREMENT ISSUE/CLAIM AND GAVE HIS FACTUAL INPUT NOT PRESENT FROM NOR APPARENT FROM THE FACE NOR BODY OF SAID FEDERAL PETITION FORM (ITS REASONABLE THAT THERE WAS AN ABSENCE OF REID RAISING A TIMELINESS OF HIS SAID 1998 FEDERAL PETITION CLAIM IN SAID PETITION SINCE ALL REID KNEW ABOUT FILING SAID PETITION AT THE TIME HE FILED SUCH WAS THAT IT COULD BE FILED AT ANYTIME) SAID FORM USED BY REID, DID NOT ASK HIM TO STATE WHY HE BELIEVED HIS SAID 1998 PETITION WAS TIMELY FILED) AND AFTER SAID DISTRICT COURT JUDGE HAD ERRONEOUSLY [AMBUSHLY/ IMPERMISSIBLY/INTENTIONAL OR INADVERTENTLY AMBUSHLY DECIDED IN 1999 NOT TO HEAR/BE INFORMED BY REID's INPUT OF FACTS CONVEYING/ASSERTING REID's RIGHT TO HIS BASIC RIGHTS SUCH A FAIRNESS, A NON BIAS AND NON WHITE RACIST DISTRICT COURT JUDGE (IMPARTIAL JUDGE); RIGHTS TO SUBSTANTIAL AND FUN-DAMENTAL DUE PROCESS, REID PERSONAL IN PRISON NIGHTMARE CIRCUMSTANCE AT EVERY PRISON AND THE PRISON HE WAS HOUSED AT, SINCE HIS SAID INCARCERATION AND THE ONE HE WAS INCARCER-

43

ATED AT AT THE TIME HE (REID) FILED HIS SAID 1998 PETITION
IN THIS CASE (HOW SUCH NIGHTMARISH INCARCERATION ADMEN-
ISTRATION OF HIS SENTENCE, HIS BODY, HIS RIGHT EVERY DAY
AND NIGHT HAD, AT THAT POINT/AND WERE STILL] IMPEDED HIM
FOR WHAT WAS TWO (2) YEARS SINCE 1996 ESPECIAL HIS SAID
IGNORANCE OF CONGRESS' ADOPTION OF A ONE YEAR LIMITATION PERIOD
FOR HABEAS PETITIONS FROM APRIL 1996, WHEN SAID STATUTE WAS
ENACTED, UNTIL THE TURN OF 1999,,, REID HAD BEEN SO IMPEDED IN
STARTING TO PREPARE, COMPLETING AND FILING HIS SAID 1998
PETITION i.e. SAID JUDGE DECIDED (i) NOT TO HEAR REID's POSSIBLE
INPUT OF SAID RIGHTS AND CLAIM AND FACT WHICH STRONGLY THAT OUT-
SIDE OF REID's AWARENESS, CONTROLL AND WILL HE APPARENTLY HAD
BEEN CONSTANTLY SUBJECT TO IMPEDIMENTS WHICH ← HAD PREVENTED
HIM SO ASSERTING HIS RIGHTS AND CLAIMS AND WHICH HAD IMPEDED
HIM IN STARTING TO PREPARE, COMPLETE HIS SAID PETITION, HIS
ACCESS TO MATERIAL AND ACCURATE LEGAL ASSISTANCE, ACCURATE
LEARNING OF SAID LAWS, CLAIMS, HIS RIGHT, HIS DECISION AS TO
WHAT CLAIM TO ASSERT IN HIS SAID 1998 PETITION AND WHICH
WOULD CERTAINLY SELF-EVIDENT OF HIS DILIGENT TO ASSERT AND
PURSUE HIS ASSERTED AND UNASSERTED RIGHTS TO EQUITABLE
TOLLING OF THE SAID STATUTE OF LIMITATION AND CLAIM [FOR THE
SAID 1999 DISTRICT COURT JUDGE TO LEARN, HEAR, CONSIDER
GRANT AND THEN REACH THE ASSERTED RIGHTS AND CLAIM IN REID'S
SAID 1998 PETITION] "AFTER REID BECAME AWARE OF SUCH SINCE
HE FILE HIS SAID 1998 FEDERAL HABEAS PETITION.

MAJOR PROCEDURAL DEFECTS IN THE FOUNDATION, INTEGRITY OF THIS COURT'S SAID JUDGMENTS
AND HABEAS PROCEEDINGS HAD IN THIS CASE
SAID JUDGE'S SAID SUA SPONTE EGREGIOUSLY AND INJURIOUSLY MANDATED IN-
LACKS (i) ALL APPEARANCE OF FAIRNESS, IMPARTIALITY, MANDATED IN-
FORMEDNESS, PROPERNES, AND ACCURACY AND INTEGRITY IN ITS SAID
DECISION
REID LACKED CONSTRUCTIVE KNOWLEDGE OF SAID FILING
REQUIREMENT AND AFTER LEARNING OF/BECOMING AWARE OF SAID
FILING REQUIREMENT HE DILIGENTLY PURSUE HIS RIGHTS UNDER
SAID IMPEDIMENTS WHICH GREW A THOUSAND TIMES WORSE EACH DAY
(48) THERE WAS VERY LITTLE PREJUDICE TO THE RESPONDENT IN 1999

44

9.) REID ARGUES THAT SINCE HIS INSUFFICIENCY OF THE CONTESTED UNCORROBORATED, UNSWORN, PRIOR INCONSISTENT INCULPATORY OUT-OF-COURT STATEMENTS OF MULTIPLE ADULTS, ATTRIBUTED TO SAID CHILD ALLEGED VICTIM DISAVOWED BY SAID VICTIM AS NOT TRUE BOTH OUT-OF-COURT AND AT REID'S CRIMINAL TRIAL i.e. HE WAS CONVICTED OF CONDUCT WHICH ACTUALLY DID NOT OCCUR AND WAS KNOWN TO HAVE BEEN TOTALLY VERBALLY AND WRITTEN FABRICATED AGAINST REID BY SAID ADULTS HENCE REID IS ACTUALLY INNOCENT CLAIM "IS LEGALLY FOUNDED PURSUANT FEDERAL LAW AND HIS FEDERAL RIGHTS AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES,,, REID SAID CLAIM IS PRESENTED IN HIS SAID 1998 2254 HABEAS CORPUS PETITION AND IT ESTABLISHES THAT REID'S CONVICTION IS VOID (STATE COURT JUDGMENT OF CONVICTION IS VOID) AND CAN NOT BE THE LEGAL CAUSE OF IMPRISONMENT THUS LIBERALLY CONSTRUED/IN EFFECT IN REID'S SAID 1998 FIRST 2254 PETITION, HE PRESENTED THAT A FUNDAMENTAL MISCARRIAGE OF JUSTICE HAS OCCURRED IN HIS CASE AT THE STATE COURT LEVEL CLAIM AND AS A RESULT UNDER GONZALEZ V. ABBOT, 967 F-2d 1499, 1504 (11th Cir. 1992); SENA V. H.M. STATE PRISON, 109 E3d 054-55 (1997); MURRAY V. CARRIER, 477 U.S. 478, 496 (. ; 1986); U.S. V. MILLIS, 817 F. Supp 1540 (N.D. Fla. 1993); BRILEY V. NAGLE, 172 F.3d 1299, 1302-1306 (11th Cir. 1999) "HABEAS CORPUS RELIEF IS NOT BARRED" , FAILURE TO RAISE SAID   "NEW" CLAIM AT AN EARLIER STAGE NOR FOR HIS FAILURE TO TIMELY FILE SAID 2254 PETITION UNDER SAID RARE AND EXTRAORDINARY CIRCUMSTANCES BEYOND REID'S CONTROL WHICH MADE IT IMPOSSIBLE FOR REID TO TIMELY FILE SAID 2254 PETITION Also See ADVANCE ESTIMATING Sys. Inc. V. RINEY, 77 E3d 1322, 1325 (11th Cir. 1996) HENCE THIS HONORABLE FEDERAL DISTRICT COURT ERRED IN DISMISSING REID'S SAID FIRST 2254 PETITION WITH PREJUDICE AND WITHOUT REACHING/CONSIDERING/RULING ON THE CLAIM NOR THE MERITS PRESENTED (See PAGES 5 THROUGH P.18 OF THIS MOTION)

45

(49) IN WILLIAM SLACK, THE SUPREME COURT OF THE UNITED STATES HELD:

"BECAUSE THE QUESTION WHETHER SLACK'S PETITION WAS SECOND OR SUCCESSIVE IMPLICATES HIS RIGHT TO RELIEF etc. WE DO NOT SUGGEST THAT THE DEFINITION OF SECOND OR SUCCESSIVE WOULD BE DIFFERENT UNDER AEDPA, see STEWART V. MARTINEZ-VILLAREAL, 523 US 1037 (1998) (USING PRE-AEDPA LAW TO INTERPRET AEDPA'S PROVISIONS GOVERNING "SECOND OR SUCCESSIVE HABEAS APPLICATION") THE PARTIES POINT US TO RULE 9(b) OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS [USCS COURT RULES, 2254 RULE, RULE 9(b)] AS CONTROLLING THE ISSUE. THE RULE INCORPORATES OUR PRIOR DECISIONS REGARDING SUCCESSIVE PETITIONS AND ABUSE OF WRIT, McCLESKEY V. ZANT, 499 V. 467, 487 (1991). AND STATES "A SECOND OR SUCCESSIVE PETITION ALLEGING NEW AND DIFFERENT GROUND(S) MAY BE DISMISSED IF -- THE JUDGE FINDS THAT THE FAILURE OF THE PETITIONER TO ASSERT THOSE GROUNDS IN A PRIOR PETITION CONSTITUTES AN ABUSE OF THE WRIT." etc., RULE 9(b) APPLIES ONLY TO "A SECOND OR SUCCESSIVE PETITION." THE OPINION HOWEVER CONTEMPLATES THAT THE PRISONER COULD RETURNED TO THE FEDERAL COURT AFTER REQUISITE EXHAUSTION. ROSE V. LUNDY HELD THAT A FEDERAL DISTRICT COURT MUST DISMISS A HABEAS PETITION CONTAINING BOTH EXHAUSTED AND UNEXHAUSTED CLAIM. THIS UNDERSTANDING OF THE SECOND OR SUCCESSIVE RULE WAS CONFIRMED TWO TERMS AGO WHEN WE WROTE AS FOLLOWS: "[N]ONE OF OUR CASES --- HAVE EVER SUGGESTED THAT A PRISONER WHOSE HABEAS PETITION WAS DISMISSED etc., AND WHO   THEN DID EXHAUST THOSE REMEDIES AND RETURNED TO FEDERAL COURT, WAS BY SUCH ACTION FILING A SUCCESSIVE PETITION. A COURT WHERE SUCH A PETITION WAS FILED COULD ADJUDICATE THESE CLAIMS UNDER THE SAME STANDARD AS WOULD GOVERN THOSE MADE IN ANY OTHER FIRST PETITION."

- 40

"WE ADHERE TO THIS ANALYSIS, A PETITION FILED AFTER A PETITION HAS BEEN DISMISSED BEFORE THE DIS- TRICT COURT ADJUDICATED ANY CLAIMS IS TO BE TREATED AS ANY OTHER FIRST PETITION" AND IS NOT A SECOND OR SUCCESSIVE PETITION" see WILLIAMS V. TAYLOR, 529 US 362, 488-89 (2000)

10.) REID ARGUES THAT HIS SAID ACTUAL INNOCENT GATE- WAY CLAIM COULD NOT HAVE AND SHOULD NOT HAVE BEEN RAISE IN REID'S SAID 1998 FIRST FEDERAL HAB- EAS CORPUS PETITION FOR THREE REASON/EXTRAORDIN- ARY CIRCUMSTANCES OR EXCEPTIONAL CIRCUMSTANCE BEYOND REID'S CONTROLL I.e. THROUGH NO FAULT OF REID'S =

1. REID WAS UNAWARE OF SAID "ACTUAL INNO- CENT CLAIM AT THE TIME HE PREPARED AND FILED HIS SAID FIRST 2254 PETITION

2. ONCE REID BECAME AWARE OF SAID ACTUAL INNOCENT CLAIM HE I ___ DILIGENTLY PURSUE ENHANC- ING HIS KNOWLEDGE OF SUCH-A-CLAIM AND ITS SIGNIFICANCE IN LAW AND FACTS AND ITS PURPOSE AND BY EXHAUSTING SAID CLAIM AT THE STATE COURT LEVEL BEFORE RETURNING TO THE FEDERAL DISTRICT COURT IN MARCH OF 2022

3. SAID ACTUAL INNOCENCE GATEWAY CLAIM HAD NOT BEEN RAISED NOR EXHAUSTED AT THE TIME REID FILED HIS SAID 1998 PETITION HENCE THIS HONORABLE DISTRICT COURT MISTAKENLY OR ABUSIVELY BELIEVED IT LACK JURISDICTION OVER REID'S SAID SUBSEQUENT 2020 PETITIONS AND THE CLAIMS PRESENT- ED IN REID'S SAID 2022 PETITION AND THIS COURT MISTAKEN- LY OR ABUSIVELY BELIEVED REID SAID 2022 PETITION WAS SECOND OR SE SUCCESSIVE

47

4. READ BEING MISLED BY SAID INMATE LAW CLERK DID NOT END WHEN THIS COURT ENTER A'S SAID WRONG 1999 JUDGMENT OF DISSAL ON A PROCEDURAL GROUND ONLY, ALTHOUGH READ RETURNED TO THE STATE COURTS TO DILIGENTLY PURSUE VARIOUS PETITIONS, POST-CONVICTION MOTION STATE AND FEDERAL LAW SUITS, & 1983 CIVIL RIGHT ACTION PROTECTION FROM PRISON EMPLOYEES OFFICIALS AND OTHER INMATES WHO CONSTANTLY RAPED READ DENIED READ ADEQUATE MEDICAL AND MENTAL HEALTH CARE, SAFETY SECURITY, PROTECTION AND ADEQUATE ACCESS TO THE LAW LIBRARY AND ITS SERVICES AND SUPPLIES AND WHO NEVER GRANTED READ ANY ACTUAL OR ANY MEANINGFUL PROTECTION NOR SAFETY, HAD AND BEGAN LONG RECOVER FROM HEART ATTACKS, HIGH BLOOD PRESSURE SERIOUS STROKE, MULTIPLE MURDER ATTEMPTS AND RAPES WITH SAID STROKE AND HEART ATTACK LEFT READ WITH A BROKEN NECK, COMPLETELY PARALYZED, OUT OF HIS MIND, LIVING IN TERROR WHILE COMING TO THE REALIZATION IN 2009 THAT SAID INMATE LAW CLERK HAD BEEN LYING TO HIM THE WHOLE TIME BUT THROUGH HARD IN HIS OWN DISABLE MENTAL EFFORT HIS KNOWLEDGE OF THE LAW, THE SIGNIFICANTS OF THE FACTS HE WAS AWARE OF BUT DIDN'T KNOW HOW TO PRESENT SUCH TO THE STATE AND FEDERAL COURTS NOR HOW TO REFER TO SUCH IN THE SPECIFIC WAY THAT SATISFIED THE VARIOUS PRONG OF CLEARLY ESTABLISH-ED LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATE??? SLOWLY GET BETTER BUT IT TOOK ANOTHER 10 YEAR FOR READ TO RETURN TO THIS FEDERAL DISTRICT COURT "AFTER" HE HAD EXHAUSTED ALL OF THE CLAIMS PRESENT IN HIS SAID CURRENT OR SUBSEQUENT 2=28 FEDERAL HABEAS PETITION

5. UNDER McCLESKY V. ZANT, 499 US 467, 487 ; ROSE V. LUNDY-MARTINEZ-VILLAREAL - SLACK- WILLIAMS SAID DISTRICT COURT'S DECISION/JUDGMENT (DETERMINATION) THAT READ'S SAID SUBSEQUENT 2154 PETITION FILED MARCH OF 2022, IS A SECOND OR SUCCESSIVE PETITION WITH AND DISMISSAL OF SUCH WITHOUT REACHING ANY MERIT OF ANY CLAIM NOR ANY CLAIM PRESENTED IN SAID SUBSEQUENT PETITION, WAS WRONG.                    48

11.) REID ARGUES THAT ALTHOUGH THE AEDPA'S ONE YEAR STATUTE OF LIMITATION IS AN AFFIRMATIVE DEFENSE, IT STILL REMAINED FROM 1990 THROUGH 1999 THAT COMPLIANCE THEREWITH NEED NOT BE PLEADED IN THE PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.S 2254 HENCE SUCH IS NOT JURIS-DICTIONAL RATHER THAN JURISDICTIONAL GROUND ON ISSUE NOTHING ON THE AEDPA RULE OR ON THE 28 U.S.C.S. 2254 HABEAS RULE "INDICATES THAT THE BURDEN OF PLEADING THE SAID STATUTE OF LIMITATION HAS SHIFTED FROM RESPONDENT TO THE PETITIONER IN 1990 THROUGHT 1999 SEE SCOTT V. COLLINS, 286 F.3d 923, 927-28 (6ᵗʰ CIR. 2002); LONEHAR V. THOMAS, 517 U.S 314, 324 (1995)

"OVER A YEAR LATER, IN JULY OF 2001, GONZALEZ FILED A RULE 60(b) MOTION ASKING THE DISTRICT COURT TO RELIEVE HIM OF ITS FINAL JUDGMENT DISMISSING HIS FEDERAL HABEAS PETITION AS TIME BARRED. THE GROUND HE GAVE WAS AN INTERVENING SUPREME COURT DECISION IN ARTUZ V. BENNETT, 531 U.S. 4 (2000) WHICH INTERPRETED THE PROPERLY FILED CLAUSE OF THE TOLLING PROVISION CONTAINED IN etc., 2244(d)(2)."

"THE PANEL CHARACTERIZED GONZALEZ'S FILING AS A TRUE RULE 60(b) MOTION, BECAUSE IT DOES NOT ASSERT A NEW GROUND FOR RE-LIEF FROM HIS CONVICTION AND SENTENCE OR RE-ASSERTS AN OLD ONE, INSTEAD, THE MOTION IS AIMED SOLELY AT REOPENING THE JUDGMENT HAD HAD BEEN ENTERED AGAINST GONZALEZ IN HIS PRIOR etc., 2254 PROCEEDING ON STATUTE OF LIMITATION GROUNDS WITHOUT REGARD TO THE MERITS OF ANY CLAIMS

(49) REID CONTENDS THAT UNDER SCOTT-LONEHAR SUPRA, THE RESPONDENT FROM 1998 THROUGH SAID 1999 HABEAS PROCEEDING "WAIVED SAID AEDPA'S STATUTE OF LIMITATION DEFENSE BY NOT PLEADING SUCH IN SAID HABEAS CORPUS FEDERAL PROCEEDINGS HAD AFTER REID FILED HIS SAID 1998 FIRST FEDERAL HABEAS CORPUS PETITION IN THIS DISTRICT COURT; i.e. SUBSEQUENTLY THE RESPONDENT WAIVED SUCH HENCE THIS FEDERAL DISTRICT COURT'S SAID sua sponte ACTIONS IMPROPERLY/IMPERMISSIBLY CURED THE RESPONDENT'S WAIVER THUS THIS COURT ERRED IN DISMISSING REID'S SAID FIRST PETITION ON STATUTE OF LIMITATION GROUND AND THIS COURT'S 1999 SHOULD BE VACATED.

(50). REID ASSERTS AND CONTENDS THAT EVEN THOUGH HE WASN'T A SEASON PRACTITIONER BUT HAD THIS HONORABLE COURT AFFORDED HIM THE OPPORTUNITY TO BE HEARD ON (1) SAID ONE YEAR LIMITATION (2) SAID CONSTITUTIONAL CLAIMS AND QUESTIONS HE COULD HAVE DEMONSTRATE THAT THERE WERE CRUCIAL EXCULPATORY FACTS OUTSIDE THE RECORD AND/OR NOT ON THE FACE OF SAID §2254 PETITION AND OR CERTAIN EXPLANATIONS WHICH <u>LIBERALLY CONSTRUED</u> STATE A VALID CLAIM OF DENIAL OF CONSTITUTIONAL PRE-PROTECTIONS, RIGHTS, CONSTITUTIONAL ERRORS, REID'S ACTUAL INNOCENCE, REID VALID INTEREST IN JUSTICE/ENTITLMENT TO HABEAS CORPUS RELIEF, AND/OR OF A VALID EXCEPTION TO (= UHREMOVED) IMPEDIMENTS OUTSIDE OF REID'S CONTROLL OR EQUITABLE TOLL PRINCIPLES/FACTORS PROTECTING HIS PETITION FROM DISMISSAL - - -

38 THIS HONORABLE COURT FOUND THAT THE SAID LIMITATION PERIOD FOUND/CONTAINED IN §2244(d) WAS AN AFFIRMATIVE DEFENSE BUT THE CIRCUIT COURT AT THAT TIME FOUND THAT SAID LIMITATION CONTAINED IN §2244(d) WAS AN AFFIRMATIVE DEFENSE THAT THE STATE BORE THE BURDEN OF ASSERTING see <u>HILL V. BRAXTON</u>, 277 F. 3d 701, 707 (4th Cir. 2002):

   " WHERE pro se. STATE PRISONER WAS REQUIRED BY STATE RULE TO SUBMIT HABEAS CORPUS PETITION ON GOVERNMENT FORM THAT DID NOT ASK FOR INFORMATION ABOUT THE TIMELINESS OF APPLICATION; THE DISTRICT COURT SHOULD NOT HAVE    DISMISSED, sua sponte, WITHOUT ALLOWING RESPONSE."
   " WE AGREE WITH OUR SISTER CIRCUITS THAT HAVE DETERMINED A DISTRICT COURT HAS THE POWER TO RAISE THE LIMITATION DEFENSE OF §2244(d) sua sponte see <u>HERBST V. COOK</u>, 260 F. 3d 1039, 1042 (9th Cir. 2001; <u>ACOSTA</u>, 221 F. 3d at 122-24; <u>KISEI</u>, 163 F. 3d at 328-29 THE ONE YEAR LIMITATION IMPLICATES VALUES BEYOND THE INTERESTS OF THE PARTIES etc., SAFEGUARDS THE ACCURACY OF STATE COURT JUD-MENTS BY REQUIRING THE RESOLUTIONS OF CONSTITUTIONAL QUESTIONS WHILE THE RECORD IS FRESH AND LENDS FINALITY TO THE STATE'S JUDG-MENTS WITHIN A REASONABLE TIME,"

   " ON THE OTHER HAND, A DISTRICT COURT'S DISCRETION TO RAISE AN AFFIRMATIVE DEFENSE TO A §2254 PETITION sua sponte AND THEN

DISMISS THAT PETITION BASED ON THAT AFFIRMATIVE DEFENSE IS
NOT COMPLETELY UNFETTED... THE COURT EXERCISE OF DISCRETION
SHOULD NOT BE AUTOMATIC, BUT MUST BE IN EVERY CASE BE IN-
FORMED BY THOSE FACTORS RELEVANT TO BALANCING THE FEDERAL
INTEREST IN COMITY AND JUDICIAL ECONOMY AGAINST THE PETITIONERS
SUBSTANTIAL INTEREST IN JUSTICE."

YEATTS, 1106 F.3d at 262 etc., AN IMPORTANT CONSIDERATION FOR A
FEDERAL HABEAS COURT IS WHETHER "JUSTICE REQUIRES THAT THE HABEAS
PETITIONER BE AFFORDED NOTICE AND A REASONABLE OPPORTUNITY
TO BE HEARD."

      REED ARGUES THAT HIS AND HILL'S CASE ARE "ALIKE" i-e THE
TWO CASES SHARE THE SAME OR STRONGLY SIMILAR CIRCUMSTANCES
AND REED IS ENTITLED TO THE SAME HABEAS RELIEF (RESULTS)
UNDER HILL supra.

      " IN A CASE - LIKE THIS ONE, THE DISTRICT COURT SHOULD AFFORD
AN OPPORTUNITY FOR THE HABEA PETITIONER TO RESPOND BEFORE THE
CASE IS DISMISSED, FIRST, IT IS IMPROBABLE UNDER CIRCUMSTANCES
SUCH AS THESE THAT IT WOULD EVER BE CLEAR FROM THE FACE OF THE
PETITION THAT THE PETITIONER IS NOT ENTITLED TO RELIEF IN THE
DISTRICT COURT AS THE RESULT OF THE ONE YEAR LIMITATION
PERIOD, RULE 4, 28 U.S.C, FOIL §2254. BECAUSE THE STATUTE
OF LIMITATION IS AN AFFIRMATIVE DEFENSE, A HABEAS PETITION-
ER IS NOT LIKELY TO PLEAD DETAILED FACTS TO REFUTE THIS
DEFENSE IN THE INITIAL §2254 PETITION.

      " ALTHOUGH A DISTRICT COURT WILL USUALLY BE ABLE TO DET-
ERMINE WHEN §2254 IS POTENTIALLY UNTIMELY, §2244(d)(1) LIST
VARIOUS CIRCUMSTANCES UNDER WHICH A PETITIONER MAY BE TIMELY
EVEN THOUGH AT FIRST GLANCE THE PETITIONER APPEARS TO BE BARRED
BY THE LIMITATION PERIOD, FOR EXAMPLE THE COMMENCEMENT OF THE
LIMITATION PERIOD IS DELAYED IF A STATE, IN VIOLATION OF THE
CONSTITUTION OR FEDERAL STATUTE, IMPEDES A WOULD BE APPLIC-
ANT FROM FILING HIS ACTION UNDER §2254 see 28 U.S.C. §2244(d)
(1)(B) ANY FACT RELATING TO SUCH A CLAIM, ARE LIKELY TO BE PART OF
THE RECORD, THE SAME CAN BE SAID OF FACTS THAT WOULD JUSTIFY THE
APPLICATION OF EQUITABLE TOLLING, THUS WHEN THE FEDERAL
COURT, ACTING sua sponte DISMISSES A §2254 ACTION AS UNTIMELY
WITHOUT NOTICE TO OR INPUT FROM THE PETITIONER, THE COURT

CAN NOT BE CERTAIN THAT THERE ARE NO CIRCUMSTANCES THAT WOULD CAUSE THE PETITION TO BE TIMELY. THE DISTRICT COURT OUGHT TO AT LEAST INQUIRE WHETHER THERE ARE ANY FACTS NOT APPARANT TO THE COURT THAT MITIGATE AGAINST THE APPLICATION OF THE LIMITATION BAR.'

"SECOND, NOTICE AND OPPORTUNITY TO RESPOND ARE PARTICULARLY APPROPRIATE WHEN THE PRISONER IS PRO-SE. LIKE HILL, AND THE LONG STANDING PRACTICE IS TO CONSTRUE PRO-SE PLEADINGS LIBERALLY SEE HAINES V. KEMER, 404 U.S. 519, 520 (1972). A SEASONED PRACTITIONER MIGHT TRY TO PREEMPT AN ANTICIPATED STATUTE OF LIMITATION DEFENSE BY INCLUDING FACTS TO SHOW THAT THE PETITION IS TIMELY. A PRO-SE PRISONER, HOWEVER, IS GENERALLY LESS LIKELY ABLE TO ANTICIPATE AFFIRMATIVE DEFENSE. THIS PROBLEM WAS MADE WORSE IN HILL'S CASE BECAUSE, AS A PRO-SE §2254 PETITIONER. HILL WAS REQUIRED TO USE A STANDARD GOVERNMENT FORM THAT DID NOT DIRECT HIM TO ADDRESS THE TIMELINESS ISSUE OR ASK HIM TO INCLUDE FACTS THAT MAY BE OUTSIDE OF THE RECORD BUT RELEVANT TO THE TIMELINESS OF THE §2244(d) SEE ACOSTA, 221 F.3d at 125 (" THE PROBLEM OF UNLEARNED AND UNSKILLED PRO-SE PETITIONER INADEQUATELY ADDRESSING THE STATUTE OF LIMITATION IN THE PETITION IS COMPOUNDED --- BY THE FACT THAT THE [STANDARD] GIVEN TO THESE PRISONERS ARE NOT DESIGNED TO ELICIT ANY INFORMATION CONCERNING THESE FACTORS."

"CONSIDERING THESE CIRCUMSTANCES AS A WHOLE, WE BELIEVE JUSTICE REQUIRES DISTRICT COURT TO GIVE PRO-SE, §2254 PETITIONER PRIOR NOTICE AND OPPORTUNITY TO RESPOND. WE HOLD THAT WHEN A FEDERAL HABEAS COURT, PRIOR TO TRIAL, PERCEIVES A PRO-SE §2254 PETITION TO BE UNTIMELY AND THE STATE HAS NOT FILED A MOTION TO DISMISS BASED ON THE ONE YEAR LIMITATION PERIOD, THE COURT MUST WARN THE PRISONER THAT THE CASE IS SUBJECT TO DISMISSAL PURSUANT THE §2244(d) ABSENT A SUFFICIENT EXPLANATION, UNLESS IT IS INDISPUTEABLY CLEAR FROM THE MATERIAL PRESENTED TO THE DISTRICT COURT THAT THE PETITION IS UNTIMELY AND CAN NOT BE SALVAGED BY EQUITABLE TOLLING PRINCIPLES

52

(51) TO HOLD OTHERWISE WOULD BE TO PERMIT THE AEDPA'S LIMITATIONS ON A STATE PRISONER'S ABILITY TO BRING HABEAS PETITIONS (ESPECIALLY NUMEROUS SECOND 2254 HABEAS PET- ITIONS) TO CREATE AN "UNREASONABLE BURDEN TO HABEA RELIEF WHICH MAY VIOLATE THE SAID SUSPENSION CLAUSE AT THE SOLE COST OF REID'S TOTAL FACTUAL INNOCENCE AND INTEREST IN JUSTICE

(30) DENIAL OF HABEAS RELIEF IN THE PRESENT CASE MAY/DOES IMPLICATE THE SUSPENSION CLAUSE, BECAUSE IT WOULD/DOES CONSTITUTES A COMPLETE DENIAL OF ANY COLLERAL REVIEW OF REID'S SAID NEW CLAIMS THAT AROSE ONLY AFTER REID FILED THE SAID 1998 PETITION, SUCH A DENIAL WOULD BE ANALO- GOUS TO REFUSING TO HEAR CLAIMS THAT WERE ERRONEOUSLY DISMISSED AS UNTIMELY IN REID'S SAID FIRST PETITION AND RAISES A SERIOUS CONSTITUTIONAL QUESTION, REID'S SAID CURRENT 2254 HABEAS PETITION INVOLVES SAID NEW, AND OLD CLAIMS THAT ARE NOT BARRED BY res judicata BUT WOULD NEVERTHELESS BE TOTALLY BARRED FROM HABEAS REVIEW BY AN UNCONSTITUTIONAL READING OF AEDPA'S GATEKEEPING PROVISIONS

## REID'S REQUEST FOR RELIEF FROM THIS COURT'S WRONG AND DEFECTIVE HABEAS JUDGMENT AND PROCEEDINGS

HUMBLY, REID REQUEST THIS HONORABLE DISTRICT COURT TO VACATE ITS SAID 1999, AND/OR 2022 JUDGMENTS BASED ON SAID EXCEPTIONS; EXCEPTIONAL CIRCUMSTANCES, EXTRAORDINARY CIRCUMSTANCE SUGGEST- ING THAT REID IS FAULTLESS IN SAID DELAY AND DILIGENTLY PURSUE HIS CASE AND INTEREST IN JUSTICE ONCE HIS AWARENESS OF SUCH EVOLVED OR WAS ENHANCED AND BECAUSE VACATING SAID JUDGMENTS IS APPROPRIATE IN REID CASE TO DUE TO REID FACTUAL INNOCENCE ALSO REID REQUEST THIS HONORABLE COURT TO REINSTATE HIS SAID FIRST 2254 PETITION AND TO CONSIDER THE MERITS OF THE CLAIMS PRESENT IN REID SAID 2254 PETITION FILED MARCH OF 2022 IMPROPERLY DISMISSED BY THIS COURT. AS A SECOND OR SUCCESSIVE HABERS PETITION (see pages

53

"IN DECEMBER 1997, JAMES FILED THREE SECTION 2254 PETITIONS, WHICH WERE CONSOLIDATED BY THE DISTRICT COURT, etc., THE 1997 PETITION RAISED CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL, AN UNDULY SUGGESTIVE IDENTIFICATION PROCEDURE, A ROSARIO VIOLATION, AND A DUE PROCESS VIOLATION etc., IN OCTOBER 1998, THE DISTRICT COURT DENIED JAMES 1997 PETITION AS TIME BARRED UNDER THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA") etc.,

"James ATTACK ON etc. HIS SENTENCE WAS PROPERLY BROUGHT IN A SECTION 2254 PETITION etc. AT THE TIME 1999 PETITION WAS FILED, JAMES STATED THAT MORE THAN ONE YEAR HAD PASSED WITH NO DECISION etc. etc., JAMES CURRENT APPLICATION SHOULD BE TREATED AS A FIRST PETITION UNDER STEWART V. MARTINEZ LAREAL, 523 U.S. 637 (1998) AND etc., THE FAILURE TO TREAT JAMES APPLICATION AS A FIRST PETITION WOULD VIOLATE THE SUSPENSION CLAUSE, etc. HIS PRESENT APPLICATION SHOULD BE TREATED AS A FIRST PETITION UNDER MARTINEZ-VILLAREAL BECAUSE HIS CLAIMS WOULD HAVE BEEN PREMATURE IF RAISED IN HIS 1997 PETITION AND etc. FAILURE TO TREAT HIS PETITION AS A FIRST PETITION VIOLATES THE SUSPENSION CLAUSE BECAUSE CONGRESS DID NOT NARROWLY TAILOR AEDPA'S LIMITATIONS ON SUCCESSIVE PETITIONS TO AN EXIGENCY JUSTIFYING SUSPENSION OF THE WRIT OF HABEAS CORPUS."

   see JAMES V. WALSH,

"FIRST, WE HAVE NEVER APPROVED OF THE sua sponte APPLICATION OF THE PROCEDURAL BAR DEFENSE WHEN THE PETITIONER HAS ABSOLUTELY NO NOTICE OR OPPORTUNITY TO RESPOND - NEITHER PRIETO NOR THE STATE HAD NOTICE THAT THE DISTRICT COURT WAS GOING TO CONSIDER PROCEDURAL BAR, etc. etc. THERE WAS NO MAGISTRATE

JUDGE'S REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
ALERTING THE PARTIES THAT PROCEDURAL BAR      WOULD BE AN
ISSUE. UNDER THESE CIRCUMSTANCES, IT WAS AN ABUSE OF
DISCRETION FOR THE DISTRICT COURT TO RAISE THE ISSUE
OF PROCEDURAL BAR sua sponte."
   see PRIETO V. QUARTERMAN, 456 F.3d 511 (5th Cir, 2006)


   " RULE 60(b) AND THE INDEPENDENT ACTIONS ITS SAVING
CLAUSE PRESERVES GIVES THE COURT THE POWER TO SET ASIDE A
JUDGMENT WHOSE INTEGRITY IS LACKING etc-etc-, ALL THAT
THE RULE PROVIDES IS A VEHICLE FOR ATTACKING THE INTE-
GRITY OF THE DISTRICT COURT'S JUDGMENT."
   See BANKERS Ins. Co. v. NORTHWESTERN Nat'l Ins. Co, 198
F.3d 1332, 1338 (11th Cir 1999); TRAVELERS Indem Co v. Gore,
761 F.2d 1549, 1552 (11th Cir, 1985); BANKERS MORTGAGE Co. V. UNITED
STATES, 423 F.2d 73, 78-79 (5th Cir, 1970) etc. THE AIM OF
RULE 60(b) was TO ALLOW A DISTRICT COURT TO GRANT RELIEF
WHEN ITS JUDGMENT RESTS UPON A DEFECTIVE FOUNDATION.
AS APPLIED IN HABEAS CORPUS CONTEXT, THE FACTUAL PRED IC-
ATE OF A RULE 60(b) MOTION DEAL PRIMARILY WITH SOME
IRREGULARITY OR A PROCEDURAL DEFECT IN PROCUREMENT OF
THE JUDGMENT DENYING HABEAS RELIEF, see RODWELL V.
PEPE, 324 F.3d 66, 70 (1st Cir 2003) THE SAME IS TRUE WITH
RESPECT TO AN INDEPENDENT ACTION BROUGHT UNDER THE
RULE'S SAVING CLAUSE. See BUEL V. ANDERSON, 48 Fed
APPX. 491, 498 (6th Cir, 2002) (EXPLAINING THE ELEMENTS OF AN
INDEPENDENT ACTION, ALL OF WHICH CONCERNS THE INTEGRITY OF
THE HABEAS JUDGMENT); HESS V. COCKRELL, 281 F.3d 212, 217 (5th
Cir, 2002), A TRUE RULE 60(b) MOTION SEEKS RELIEF FROM A
FINAL ORDER ENTERED IN A HABEAS PROCEEDING ON ONE OR MORE
OF THE GROUNDS SET FORTH IN THE RULE See ABDUR'Rahman V.

55

BELL, 537 U.S. 88, 94 (2003) etc. NEITHER PROCEED-
ING CONSTITUTES A COLLATERAL ATTACK ON THE UNDERLYING
CONVICTION OR SENTENCE."

"⑥ PETITIONER, A CALIFORNIA PRISONER, FILED AN APPLIC-
ATION FOR PERMISSION TO FILE A SECOND OR SUCCESSIVE PET-
ITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.
2244 AFTER THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DIS-
TRICT OF CALIFORNIA etc., DISMISSED HIS FIRST HABEAS PETI-
TION WITH PREJUDICE etc. CALIFORNIA INMATE WAS NOT
REQUIRED TO OBTAINED 28 U.S.C.S. 2244(b)(3)(A) AUTHORI-
ZATION FOR A SECOND HABEAS PETITION WHERE THE DISTRICT
COURT DISMISSED FIRST 28 U.S.C.S 2254 PETITION etc.;
REQUEST WAS CONSTRUED AS SUCCESSFUL PETITION FOR
MANDAMUS TO DISTRICT COURT TO CONSIDER THE MERITS
OF Fed.R.Civ.P. 60(b) MOTION, WHEN A DISTRICT COURT
DISMISSES A PETITION FOR WRIT OF HABEAS CORPUS UNDER
28 U.S.C.S. 2254 WITHOUT REACHING THE MERITS OF THE CLAIMS
RAISED THEREIN, THE PETITIONER MAY SEEK RELIEF FROM JUDGMENT
THROUGH A MOTION UNDER Fed.R.Civ.P 60(b) BECAUSE SUCH
A MOTION IS NOT THE EQUIVALENT OF A SECOND OR SUCCESSIVE
PETITION UNDER THE ANTI-TERRORISM AND EFFECTIVE DEATH PEN-
ALTY ACT OF 1996 etc."
    SEE BUTZ V. MENDOZA-POWER, 474 F.3d 1193 (9th Cir. 2007)

    REID ARGUES THAT WHEN A STATE PRISONER WHOSE FIRST
PETITION WAS DISMISSED AS UNTIMELY ALONE, BRINGS A NEW
PETITION ON EXHAUSTED CLAIMS, APPLICATION OF THE GATE KEEP-
ING PROVISION TO DENY A SUB RESUBMITTED PETITION WOULD CON-
FLICT WITH THE DOCTRINE OF WRIT ABUSE (THE LIMITATION IMPOSED
BY "AEDPA" ON A PRISONER'S ABILITY TO BRING HABEAS PETITIONS
CREATE AN UNREASONABLE BURDEN TO HABEAS RELIEF UNDER SAID
CIRCUMSTANCES AND THOSE ALLEGED IN THIS MOTION) BY THAT SAME
LOGIC, WHEN REID FILED HIS 2022 SAID SUBSEQUENT HABEAS

PETITION CONTAINING BOTH A NEW CLAIM/ISSUE WHICH WOULD HAVE BEEN PREMATURE FOR REID TO HAVE RAISED IN HIS SAID 1998 HABEA PETITION (THIS COURT'S ABUSE OF ITS DISCRETION THROUGH ITS SAID SUA SPONTE RAISING AND DECIDING SAID PROCEDURAL BAR ISSUE) i.e. THAT COULD NOT HAVE BEEN RAISED IN HIS 1998 PETITION AND A CLAIM PREVIOUSLY RAISED, THE MAJORITY OF THE FEDERAL COURTS DEEMS SUCH PETITION (REID'S 2022 HABEAS PETITION THAT IS) "FIRST" AS TO THE NEW CLAIMS AND "SECOND" AS TO THE OLD CLAIMS. see JAMES supra. at 417-18

12) REID ARGUES THAT THIS FEDERAL DISTRICT COURTS SAID MIS-CONDUCT (WHICH INCLUDES THIS COURT RAISING OF SAID AFFIRMATIVE DEFENSE OF SAID PROCEDURAL TIME BARRING OF SAID PROCEDURAL SECOND OR SUCCESSIVE BAR TO REID SAID 2022 PETITION "SUA SPONTE" IN BOTH OF SAID INSTANCES "HARSHLY, ERRONEOUSLY LIGHTLY (A) BY    DISREGARDING TO OR REFUSING TO MAKE A 1998, AND 2022 "DECISION INFORMED BY THOSE SAID FACTORS RELEVANT    (REID'S INPUT OF FACTS NOT IN THE PETITION AND FEDERAL LAW NOT IN THE PETITION AS TO HIS POSITION, AND THE RESPONDENT'S INPUT) TO BALANCING THE FED ERAL INTERESTS IN COMITY AND JUDICIAL ECONOMY AGAINST REID'S (THE PETITIONER'S) INTEREST IN SUBSTANTIAL JUSTICE (B) AND BY DISREGARDING THE FACT THAT REID SAID NOTICE, AND OPPORT-UNITY TO RESPOND TO SAID PROCEDURAL BARS RAISED SUA SPONTE BY THIS COURT "BEFORE THIS COURT RAISED AND DECIDED SAID FED ERAL BAR SUA SPONTE  (C) WITHOUT REACHING THE MERITS OF THE CLAIMS PRESENT IN REID'S 1998, AND 2022 PETITIONS (D) DISMISSED REID'S SAID FIRST HABEAS PETITION AS UNTIMELY AND WITH PREJUDICE AND ERRONEOUSLY DECLINED TO APPLY EQUITABLE TOLLING REID WAS ENTITLED TO (E) REFUSED TO HANDLE AND TREAT REID'S SAID 2022 PETITION AS A FIRST PETITION AND

FAILED TO REACH THE MERITS OF THE CLAIMS PRESENT IN REID's SAID SUBSEQUENT 2022 PETITION (E) HAS STRONGLY INDICATED IN ITS SAID 2022 JUDGMENT ALSO UNDER ATTACK (THIS COURT's 2022 HABEAS JUDG- MENT) THAT REID's SAID 2022 PETITION DOES NOT CON- TAIN A CLAIM WHICH WAS NOT WHICH SHOULD HAVE BEEN NOT WHICH COULD HAVE BEEN RAISED IN REID's SAID PREVIOUS HABEAS PETITION (HOLDING THAT REID IS ENTITLED TO FILE A "NEW HABEA PETITION" AND DISMISSED REID's SAID 2022 PETITION WITHOUT PREJUDICE (THIS COURT's MISCONDUCT IN SAID EARLIER 2254 HABEAS CORPUS PROCEEDINGS) OBVIOUS- LY SUCH OVERWHELMINGLY MULTIPLE INSTANCES AND ACTS OF SUCH MISCONDUCT OF THIS COURT IN SAID RAISING, DECISION, FOUNDATION OF PRECEEDING SAID JUDG- MENTS AND ORDERS ARE NOT ONLY SUBSTANTIAL REASONS TO DOUBT THE INTEGRITY, PROPERNESS, CORRECTNESS AND LEGITIMACY OF THIS COURT's SAID HABEAS JUDGMENT SO DENYING HABEAS RELIEF TO REID A FACTUAL ACTUAL INNOCENT PERSON (REID's SAID 2022 HABEAS PETITION RAISE SUBSTANTIAL QUESTIONS ABOUT THE INTEGRA- ITY AND LEGITIMACY OF THIS COURT's SAID 1999 2254 HIS HABEAS CORPUS PROCEEDING IN REID) REGARD REID's SAID 1999 HABEAS PETITION HENCE SAID "REASONS" OBVIOUS ESTABLISH THE FACT THAT THIS FEDERAL DISTRICT COURT's SAID 1999, AND 2022 JUDGMENT OF DISMISSAL WERE FRADULENTLY OBTAIN IN SAID HABEAS PROCEEDINGS AND AS A MATTER OF FEDERAL LAW, ARE VOID HENCE SAID MIS- CONDUCT REASONS CONSTITUTING FRAUD OR EXCUSSIABLE NEGLECT OR MISTAKE BY THIS COURT JUSTIFIES RELIEF FROM THIS COURT's SAID JUDGMENTS THAT REID HAS HEREON REQUESTED.

1998 FIRST PETITION BUT IT WOULD HAVE BEEN PREMATURE FOR REED TO HAVE ASSENTED/RAISED SAID CLAIMS RELATED TO THIS COURT'S SAID DECIDING PROCESS, FRAUD, DEFECTIVE PRE CLEARING SAID WRONG/ILLEGITIMATE 1999 HABEAS JUDGMENT BEFORE THIS COURT HAD TAKEN/COMMITTED SAID FRAUD (MISCONDUCT) DEFECTIVE DECIDING PROCESS AND BEFORE THIS COURT HAD ENTERED ITS SAID 1999 DECISION, ORDER, AND JUDGMENT IN THIS CASE ,'' AT THE TIME HE FILED HIS SAID 1998 PETITION

" THIS COURT'S CASES HAVE NEVER SUGGESTED THAT A PRISONER WHOSE HABEAS CORPUS WAS DISMISSED AND WHO etc RETURNED TO FEDERAL COURT, WAS BY SUCH ACTION FILING A SUCCESSIVE PETITION. A COURT WOULD ADJUDICATE THOSE CLAIMS UNDER THE SAME STANDARD AS WOULD GOVERN THOSE MADE IN ANY FIRST PETITION, FOR CLAIMS PREVIOUSLY DISMISSED SHOULD BE TREATED IN THE SAME MANNER, FOR IN BOTH SITUATION, THE HABEAS PETITIONER DOES NOT RECEIVE AN ADJUDICATION OF HIS CLAIM TO HOLD OTHERWISE WOULD MEAN THAT A DISMISSAL OF THE FIRST PETITION FOR TECHNICAL PROCEDURAL REASONS HAVING NOTHING TO DO WITH THE CLAIM'S MERIT, WOULD BAR THE PETITIONER FROM EVER OBTAINING FEDERAL HABEAS REVIEW. " SEE STEWART V. MARTINEZ-VILLAREAL, 523 U.S. 637 (1998)

" THE AEDPA STATUTE IS AN AFFIRMATIVE DEFENSE AND COMPLIANCE THEREWITH NEED NOT BE PLEADED IN THE PETITION KISER V. JOHNSON, 163 F.3d 326, 329 (5th Cir. 1999) RATHER THAN JURISDICTIONAL NOTHING IN THE AEDPA OR IN THE § 2254 HABEAS RULE INDICATES THAT THE BURDEN OF PLEADING THE STATUTE OF LIMITATION HAS BEEN SHIFTED FROM THE RESPONDENT TO THE PETITIONER

59

THESE NEW CLAIM (NEW EXHAUSTED CLAIMS) IN REID'S
SAID SUBSEQUENT PETITION FILED IN MARCH OF 2022
AS WELL AS HIS IMPROPERLY DISMISSED (OLD) CLAIMS
IN REID'S SAID FIRST PETITION FILED WITH THIS
COURT IN 1998 ENTITLES REID TO THIS COURT'S
DUTY TO EQUITABLY TOLL THE RUNNING OF THE AEDPA'S
STATUTE OF LIMITATION FOR THE PERIOD FROM ITS ERR-
ONEOUS ORD 1999 ORDER/JUDGMENT OF THE DIS-
MISSAL OF REID'S SAID FIRST FEDERAL HABEAS PET-
ITION UNTIL THE FILING OF HIS SAID CURRENT FEDERAL
HABEAS PETITION FILED IN THIS CASE IN MARCH OF 2022
AND ALSO THIS COURT'S MINSTERAL DUTY OR TO EXCER-
CISE ITS BROAD DISCRETION TO TREAT REID SAID CURRENT
PETITION AS A FIRST PETITION / AS ANY OTHER FIRST PETITION
UNDER MILLER V. NEW JERSEY State Dep't of CORRECTION, 145 E3d
616, 618-619 (3d Cir. 1998) IRWIN V. Dep't OF VETERANS AFFAIRS,
498 U.S. 89 (1990); BROWN V. SHANNON, 322 F.3d 768, 773 (3d Cir.
2003 THIS COURT'S VOID [SAID] 1999 JUDGMENT, THIS
COURT'S VOID OR ILLEGITIMATE SAID CURRENT 2022
HABEAS JUDGMENT UNDER SCHLUP V. DELO, 513 U.S. 298q (1995)
("GATEWAY REQUIREMENT) i.e. NEW RELIABLE EVIDENCE, A STRONG-
ING OF ACTUAL INNOCENCE CLAIM CLAIM IN REID'S SAID CURRENT
HABEAS PETITION IN REID'S SAID CURRENT 2022 FEDERAL PETITION
REID USE "ACTUAL INNOCENCE "NEW" CLAIM - "NEW EVIDENCE
NEW CLAIM "SOLELY AS A "GATEWAY CLAIM / REQUIREMENT FOR
HAVING OTHERWISE BARRED BY AN UNCONSTITUTIONAL READ-
ING OF AEDPA'S LIMITATION CONSTITUTIONAL CLAIMS HEARD
AND HIS CURRENT FEDERAL PETITION ACCEPTED AND TREATED AS
A FIRST PETITION BY THIS COURT AND HAVE THIS COURT
REACH THE MERITS    HIS SAID NEW AND OLD CLAIMS
ALSO UNDER ADVANCED ESTIMATING SYS., INC. V. RINEY, 77 F.3d 1322
1325 (11th Cir. 1996) EXCUSABLE NEGLECT, GOOD FAITH AND/OR GOOD

60

CAUSE BEYOND REID'S CONTROLL (NOT WITHIN REID'S
REASONABLE CONTROL (SEE PAGES 45 THROUGH PAGE 55

(9th Cir. 2001) EXCEPT FOR REASON OF EQUITY AND JUSTICE AND/OR —UNDER DUNLAP V. UNITED STATES, 250 F.3d 1001
ONLY FOR SAID EXTRAORDINARY CIRCUMSTANCES AND A FEDERAL
LAW OR A CHANGE IN THE FEDERAL LAW (THROUGH NO FAULT
OF REID'S HE WAS EITHER NOT AWARE OF AT THE TIME HE
FILED HIS SAID FIRST FEDERAL HABEAS PETITION OR HAD NOT
(REID SAID NEW CLAIMS ARE BASED ON OR COME FROM THE
ACCURATE APPLICATION OR INAPPROPRIATE APPLICATION OF
SAID FEDERAL RULES/CONSTITUTIONAL RULE OF EVIDENCE
AND OF EQUITABLE TOLLING DOCTRINE) IMPOSING AND TRAN-
SFERRING THE CIVIL TEST FOR EQUITABLE TOLLING, TO THE
AEDPA'S SPECIFIC AND DETAIL STATUTE OF LIMITATIONS FOR
HABEA CORPUS [PETITIONS] COLLATERAL REVIEW OF CRIMIN-
AL CONVICTION IN 2001 SEE DUNLAP SUPREE,
(EXTRAORDINARY CIRCUMSTANCE BEYOND REID'S REASONABLE CON-
TROL WHICH EXCUSES REID'S
NONCOMPLIANCE WITH AEDPA'S PROCEDURAL, AND/OR JURIS-
DICTIONAL BARS TO (1) HIS SAID NEW CLAIM AND TO HIS
ERRONEOUSLY DISMISSED CLAIM (2) SAID ERRONEOUS/IL
LEGITIMATE DISMISSAL OF REID SAID CLAIM, AND CHALLENGES
TO HIS CONVICTION ENTITLES (ARE DISPOSITIVE) REID TO
RAISE THE SAME CLAIM AND CHALLENGE/ATTACKS TO HIS
CRIMINAL CONVICTION AGAIN IN HIS SAID CURRENT HABEAS
PETITION; (3) SAID RARE AND EXTRAORDINARY CIRCUMSTANCES OR
EXCEPTIONS EXEMPT REID'S SAID CURRENT 2254 PETITION AND
SAID CLAIMS AND [COLLATERAL] CHALLENGES AND ATTACKS ON
THIS COURT'S SAID DISMISSAL JUDGEMENT AND ON HIS CON-
VICTION FROM BEING DISMISSED FOR DELAY, FOR RAISING SAID
NEW AND OLD CLAIMS NOR FOR ANY OF AEDPA'S LIMITATIONS

(58) REID ASSERTS AND ARGUES THAT UNDER BRONSON supra.— GONZALEZ supra., JAIME supra.— BUTZ supra.— PRIETO supra.— WILLIAMS supra — STEWART supra.— LUNDY supra.— SCOTT

THIS SAID FEDERAL DISTRICT COURT'S DENIAL OF 28 U.S.C.S 2254 HABEAS CORPUS RELIEF IN THE PRESENT CASE (TO REID IN THIS COURT'S SAID EARLIER JUDGMENT(S) MAY IMPLICATE THE SAID SUSPENTION CLAUSE, BECAUSE THIS COURT'S SAID EARLIER JUDGMENT OF DISMISSAL AND ORDERS WOULD CONSTITUTE A COMPLETE DENIAL OF ANY 28 U.S.C.S 2254 toll FEDERAL COLLATERAL REVIEW OF A (1) TIMELINESS OF REID'S SAID 1998 HABEAS PETITION CLAIM (2) EQUITABLE TOLLING OF "AEDPA's ONE YEAR STATUTE OF LIMITATION IS APPROPRIATE IN REID'S CASE (3) THIS DISTRICT COURT'S 1999, AND/OR 2022 JUDGMENT WERE FRAUDULENTLY OBTAINED (IS BASE ON MULTIPLE PROCEDURAL VIOLATION/WRONGS/AND OR DEFECTS IN THE PROCEEDING CLAIM (4) GATEWAY ACTUAL INNOCENCE CLAIM etc. etc., THAT AROSE ONLY AFTER REID FILED SAID 1998 FEDERAL HABEAS PETITION— SUCH A DENIAL OF cREID'S SAID FIRST PETITION AND/OR HIS SAID RETURN TO THIS DISTRICT COURT BY THIS COURT WOULD BE ANALOGUS TO REFUSING TO HEAR CLAIMS THAT WERE ERRONEOUSLY DISMISSED AS UNTIMELY IN A PREVIOUS HABEAS PETITION WHICH RAISES A SERIOUS CONSTITUTIONAL QUESTIONS WITH RESPECT TO THE SUSPENSION CLAUSE.

RESPECTFULLY SUBMITTED

*Clifford L. Reid*

CLIFFORD L. REID DC#111123 SANTA ROSA CORR. INST. ANNEX 505 MILTON RD. MILTON, Fla. 32583

62